JOHN W. MELLEN *v.* NATHANIEL MOODY.

*Replevin for beast impounded. When it will lie against the pound keeper. When the damages are to be ascertained.*

The statute in regard to the replevying of beasts distrained,—Rev. St., c. 30,—does not contemplate, that the writ will be brought against the pound keeper, but against the impounder.

The owner of beasts unjustly detained by a pound keeper may have replevin against him for the beasts, under the Revised Statutes, chap. 30, sec. 14 *et seq.*; but such claim must rest wholly upon the wrongful act of the pound keeper.

The statute,—Rev. St., c. 88, § 10,—which requires, that the owner of beasts impounded shall replevy or redeem them within forty eight hours after he shall receive notice of the impounding, must be construed as determining that limit, if the damages can be so soon ascertained; and if they cannot, that he shall replevy, or redeem, as soon as they are ascertained.

If the damages are not ascertained within the forty eight hours, but are subsequently ascertained, and a certificate of their amount is furnished to the pound keeper, the owner of the beasts cannot sustain replevin against the pound keeper, until he has first paid the damages and all fees and costs.

REPLEVIN, brought in the county of WASHINGTON, for beasts impounded. The defendant pleaded two pleas in bar. 1. That in 1847 he was pound keeper in the town of Waterbury, and one Wright, August 2, 1847, impounded the beasts in question, which had been found in his inclosure doing damage, and that the defendant, as pound keeper, detained them in the pound, as by law he was bound to do, and in no other way, and that, from the time the beasts were impounded until they were taken from the defendant by the process in this suit, they were not discharged from the pound by Wright, or by operation of law, or in any other way, and no certificate of the amount of damage done by the beasts to Wright was obtained, or delivered to the defendant. 2. That the defendant was pound keeper, and the beasts were impounded by Wright, and were detained by the defendant as pound keeper, as alleged in the first plea; that within twenty four hours after the impounding Wright gave notice to the plaintiff, the owner of the beasts, to appear at the dwelling house of Wright within twenty four hours to appoint appraisers to appraise the damage done by the beasts; that the plaintiff appeared accordingly, and the parties appointed appraisers, who did not agree upon the amount of damages and did not appoint a third person as appraiser; that thereupon Wright applied to a justice of the peace, by whom appraisers were appointed, August 6, 1847, who appraised the damages at $7,00, and, on the tenth of August, 1847, transmitted a certificate thereof to the defendant, as pound keeper, with a farther certificate, that their fees amounted to $1,00, and that Wright's fees, for impounding the beasts, amounted to $2,00; that the damages, with the legal charges for impounding and keeping the beasts, had not been paid to the defendant, or to Wright; and that the beasts had never been discharged by the act

of the parties, or by operation of law, whereupon the defendant detained them, as he was bound to do.

The plaintiff replied, that on the fifth day of August, 1847, he tendered to the defendant, as pound keeper, $1,50, for the purpose of redeeming the beasts from the pound, as the legal fees of the defendant for receiving the beasts into the pound and taking care of them; that this was after the expiration of forty eight hours from the time when he received notice of the impounding; that at that time no damages, done by the beasts to Wright, had been ascertained by appraisers, and no certificate thereof had been deposited with the defendant, as pound keeper; that $1,50 was the full amount of all legal fees, to which the defendant was legally entitled, as pound keeper; that he kept the said sum of $1,50 at all times ready for the defendant, until August 12, 1847, when the defendant received the same in full satisfaction of his fees as pound keeper; that the plaintiff demanded of the defendant the beasts, at the time the tender was made, August 5, 1847, at the place where the cattle were impounded, and the defendant refused to surrender them; and that thereupon he brought this writ of replevin against the defendant. To this replication the defendant demurred.

The county court adjudged the replication insufficient. Exceptions by plaintiff.

*Dillingham* for defendant.

Replevin, at common law, lies only for an unlawful taking; *Galloway* v. *Bird*, 12 Moore 547; and will not lie for goods unjustly detained; 4 Bing. 299. By our statute,—Rev. St. c. 30, § 14,—it is provided, that replevin may, in certain cases, be maintained for wrongful detention; but it must be in other cases, than for beasts distrained, or by a defendant for goods attached. Sec. 9 shows, that the wrongful taking is the only thing in issue in replevin, under the statute, for beasts taken *damage feasant* and impounded for that cause. If the defendant did in fact wrongfully detain, an action on the case is the only remedy against him. Steph. N. P. 2483. In this state an action of replevin cannot be sustained, except under the statute. *Miller v. Warner*, Brayt. 168.

The defendant did not wrongfully detain the beasts. The statute is silent as to the time, in which the certificate of damages is to be

made; it must therefore be construed to intend a reasonable time. But it is imperative, that no beast, so impounded, shall be discharged, until such damages and legal charges are paid; and the pound keeper cannot discharge the beasts, until the certificate of the damages, or showing that there is no damage, is delivered to him. No penalty is intended to be imposed upon the owner for not redeeming, until after the appraiser's certificate is furnished to the pound keeper. Whether he should earlier replevy, it is not necessary to discuss; if he should, it must be based on a controversy with the impounder.

*C. W. Prentiss* for plaintiff.

After the expiration of the forty eight hours limited by Rev. St. c. 88, § 10, and on being paid his fees, the defendant had no right to detain the cattle. The statute is to receive a reasonable construction. Impounding cattle is a summary mode of redress, and to be viewed strictly; and no detention of cattle, except one fairly authorized by statute, is justifiable. The impounder is liable, if he neglect promptly to give notice within twenty four hours. Rev. St. c. 88, §§ 5, 9. The appraisers are to transmit their certificate "forthwith." By the tenth section of chap. 88 the plaintiff was compelled to replevy. Is he compelled to bring a groundless suit, under a penalty? If sec. 10 has not limited the time, within which the certificate of damages may be transmitted, there is no limitation, and cattle may be impounded and detained indefinitely, without remedy.

BY THE COURT. It is evident, that the statute, in regard to the replevying of "beasts distrained,"—Rev. St., chap. 30,—did not contemplate, that the writ would be brought against the pound keeper, but the impounder. The seventh and eighth sections contain provisions, in regard to the final disposition of such cases, which would be absurd, if the suit were to be against the pound keeper, to wit, if the plaintiff prevails, he shall have damage for the unjust taking and detention of his beasts; and if the defendant, he shall have judgment for the damage done by the cattle, and any penalty to which he may be entitled.

It is probable enough, that the fourteenth and following sections

might enable the owner of beasts, unjustly detained by a pound keeper, to have replevin. But such claim must rest upon the wrongful act of the pound keeper altogether, unless we are to hold him responsible for the act of the impounder, which the statute evidently does not contemplate.

The most, then, which the plaintiff could claim in the present case, is, that, by lapse of time, the impounder had lost all claim for damages. But we do not so view the statute. We think the limit of forty eight hours for the owner of the beasts to pay damages, or replevy, must be understood with this qualification, if the damages can be so soon ascertained, and if not, as soon as they are ascertained;—and that the owner, in the present case, has not shown any just ground of replevy against the pound keeper, until he pays the damages appraised and all just costs.

Judgment affirmed.