THOMAS P. GLOVER v. MOSES CHASE.

*Replevin. Jurisdiction of justice. Audita querela.*

Replevin is maintainable, in this state, only as provided by statute.

A justice of the peace has no jurisdiction in a replevin suit, which is !not brought to recover a beast distrained or impounded, even though the value of the property, for which it is brought, is less than seven dollars.

A judgment rendered by a justice in favor of a plaintiff in an action of replevin, which was not brought to recover a beast distrained or impounded, and upon which the defendant is liable to, and threatened with an execution, will be set aside on *audita querela.*

AUDITA QUERELA. The complaint alleged that the defendant prayed out a writ of replevin against the complainant, signed by a justice of the peace, before whom it was made returnable, commanding the officer to replevin two heaps of manure on the premises of the complainant, which, the defendant alleged, were unjustly detained from him by the complainant, the value of which, as ascertained by the officer, was one dollar and sixty-two cents; that on the return day of the writ the complainant appeared and objected to the jurisdiction of the justice, but that the justice took cognizance of the suit and proceeded to try and determine the same and thereupon rendered judgment for the defendant, (the plaintiff in said replevin suit,) to recover his damages, &c.: that said judgment remained in force against the complainant and that he was liable to an execution and was threatened with the same.

To this complaint the defendant demurred. The county court, December Term, 1854,—UNDERWOOD, J., presiding,—overruled the demurrer, and decided that the complaint was sufficient. Exceptions by the defendant.

*J. S. Marcy* for the defendant.

*O. M. Lamb* for the complainant.

The opinion of the court was delivered by

BENNETT, J. The judgment sought to be set aside, was rendered in an action of replevin, where the value of the property was under seven dollars. The question in the case depends upon the jurisdiction of the justice. It has long been the settled law of this

state, that an action of replevin, to try the right of property, can not be maintained as an adversary suit at the common law. There are several cases to that effect as far back as Brayton's Reports.

The legislature, having made provision for the action, and declared in what cases it may be brought, it has been held that the statute should be deemed to exclude the action in all other cases, and that, consequently, the action of replevin would not lie as at common law.

The sole inquiry then is, had the justice jurisdiction under the statute ?

It is true, that the general statute regulating the jurisdiction of the justices of the peace in civil actions, extends their jurisdiction to one hundred dollars, except in certain actions, and one of the exceptions is replevin *above the sum of seven dollars.* See Comp. Statutes, page 233, section 20.

This statute might be taken as implying that the justice would have jurisdiction in all cases in replevin, where the sum was *under seven dollars.* But this section of the statute should be construed with reference to other provisions.

Chapter 33 of the compiled statutes, entitled *replevin,* gives a right to bring the action where beasts are *distrained* or *impounded,* and the sixth section provides that if it shall appear from the return of the officer, that the value of the property, as ascertained according to the previous provisions of the statute, does not exceed seven dollars, the writ shall be returned to the justice who signed the same ; but if it exceed seven dollars, the writ shall be returned to the county court, to be proceeded with before that court. See Comp. Statutes, p. 268.

This statute, then, does prescribe a case where a justice may have jurisdiction in replevin under seven dollars ; but the case before us is not such a one. It was not brought to recover a beast *distrained or impounded.*

The 9th section, page 269, of the statute gives a party whose goods or chattels have been attached on mesne process returnable to the county court a right to replevin them. This is not that case ; and the 14th section, which gives the right generally to maintain replevin for other goods, unlawfully taken or unlawfully detained, is limited to cases where their value is more than twenty dollars,

and jurisdiction then is given only to the county court. We cannot find then that the justice had any jurisdiction in the replevin suit. The plaintiff, in his declaration, alleges that the judgment remains in full force against him, and that he is liable to an execution thereon, and is threatened with the same.

To maintain a writ of *audita querela*, it is not necessary that the party who brings it should be actually in execution, or that an execution should have actually issued. The writ of *audita querela* may be maintained, *quia timet*, and it is sufficient, if the party is exposed to, and is threatened with an irregular and invalid execution, and in many cases the object of the writ is to annul and set aside a judgment, and thus prevent all incidental injuries, which may arise or be threatened from the issuing an execution upon an irregular or void judgment.

We think, then, the judgment of the county court, holding the complaint sufficient, should be affirmed with costs.