Holden *v*. Torrey.

Cyrus Holden *v*. Orrin P. Torrey.

*Estoppel.   Impounding.*

The plaintiff's cattle having broken into the defendant's lot, and having been impounded by him, the damages and costs were paid by the plaintiff who thereupon said to the defendant that he should leave his cattle in his lot adjoining that of the defendant, and if they got into the latter's lot again to send him word, and he would come and take care of them, and that he did not want them impounded again, to which the defendant, though unintentionally, gave the plaintiff to understand he assented; *Held,* that this conversation constituted no estoppel to prevent the defendant from legally impounding the cattle afterwards; nor any contract that he would not do so.

The only damages which the impounder of animals *damage feasant,* is entitled to recover in an action of replevin against him for the animals by their owner, are such as were occasioned by the particular trespass which they were committing when they were taken to be impounded.

One can not rightfully impound animals for damage done to his land on any other occasion than that at which they are taken by him to be impounded; and such taking must be before they have left the land.

*Quære,* whether the neglect of an impounder of animals, found *damage feasant* on his land, to procure the damage done by them to be appraised according to the statute, constitutes a bar to his recovering such damage, either in an action of replevin brought against him for the animals by their owner, or in trespass brought by himself against such owner.

REPLEVIN for four yearlings, impounded by the defendant. The defendant filed an avowry alleging that the cattle were *damage feasant* on his premises on the 25th of August, 1854, that they were therefore then impounded by him, and that he gave the plaintiff notice within twenty-four hours after the impounding to appear at a place named, within twenty-four hours after such notice, to choose appraisers of the damage done by the cattle.

The case was referred, and the referee reported that in his opinion the defendant was entitled to recover of the plaintiff nine dollars damages, and costs, subject to the opinion of the court upon the following facts relied on and proved by the plaintiff.

On the 7th of August, 1854, the yearlings mentioned in the defendant's avowry, together with other larger cattle of the plaintiff, were found *damage feasant* in the defendant's close, and were by the defendant then impounded, of which impounding the

Holden v. Torrey.

plaintiff had notice, and thereupon appeared, adjusted, and paid the damages and costs, and as the plaintiff was about to leave, he said to the defendant, in substance, that he was going to take home his larger cattle, and was going to leave the yearlings in his close adjoining that of the defendant, and if the yearlings got into the defendant's lot again, to send him word and he would come and take care of them, and that he did not want them impounded again, to which the defendant, though unintentionally, gave the plaintiff to understand he assented. The yearlings on the same day again broke into the defendant's lot, and were in on divers days and times between that day and the impounding set forth in the defendant's avowry, and the plaintiff *received* no notice thereof until he was notified of the impounding on the 25th of August, though it did appear that the defendant sent a notice by a stage driver to the plaintiff some days previous to that time.

No damages were appraised to the defendant, as provided by statute, upon the impounding mentioned in the avowry.

The defendant offered parol evidence to prove the extent and amount of his damage, to which the plaintiff objected. The objection was overruled by the referee, and the evidence was admitted.

If the court should be of the opinion that the impounding of August 25th was illegal, the referee found that the plaintiff recover his costs.

If the impounding was legal, but the defendant is only entitled to recover damages done by the cattle at the time of the impounding, then the referee found that the defendant recover one dollar damages and costs.

The county court, at the September Term, 1857, rendered judgment upon the report that the defendant recover nine dollars damages and costs, to which the plaintiff excepted.

*C. N. Davenport*, and *Stoughton & Grant*, for the plaintiff.

*Butler & Knowlton*, for the defendant.

ALDIS, J, I. It is claimed by the plaintiff that the conversa-

tion that passed between the plaintiff and the defendant, as reported by the referee, and the assent then expressed by the defendant to what the plaintiff said, should be regarded as an estoppel concluding the defendant from afterwards impounding the cattle, and making any subsequent impounding illegal. The con-versation as reported by the referee is no estoppel. The defendant says and does nothing to induce the plaintiff to leave his cattle there. On the contrary, the plaintiff begins by saying that he is going to leave them there. He requests him to send him word if they get in again, to which the defendant assents. This can not properly be regarded as an estoppel, nor as a verbal contract. There is no consideration, no agreement binding in law. It is mere friendly talk, expressive of good will and of an intent to perform an office of good neighborhood, nothing more. To give a greater force to it would be at variance with what both parties must have understood it to mean at the time.

II. The referee finds the facts set forth in the avowry to be true. These, and the facts stated in the declaration and the report, present the following case:

On Friday, August 25th, the cattle were in the defendant's close doing damage, and were then taken and impounded by the defendant. On the 26th he gave due notice of the impounding to the plaintiff, and also notified him to appear on Monday, the 28th, to appraise the damage. On Monday the plaintiff replevied the cattle, being within the time when the damages were to be appraised. After the replevy nothing further was done as to appraising damages.

The plaintiff claims that though the original taking was legal, the *detention* was unlawful. But if the taking was legal, the defendant had the right to detain them for the appraisal of damages. He was proceeding according to law to have the damages appraised, and before the expiration of the shortest time prescribed for their appraisal by the statute, the plaintiff replevied the cattle. Up to the time of the replevy there was no unlawful, but on the contrary, a strictly lawful detention. The case of *Mellen* v. *Moody*, 23 Vt. 674, shows that a detention beyond the forty-eight hours is legal, if the damages can not be ascertained within that time; but a detention for that time and for the purpose

of ascertaining damages, and after notice therefor, is within the very words and intent of the statute.

III. Was there any subsequent irregularity that makes the defendant a trespasser *ab initio?* The omission to have the damages appraised is not such an irregularity. In *Moore* v. *Robbins*, 7 Vt. 363, that point is directly decided. No other irregularity is alleged. The impounding and detention were therefore legal, and the plaintiff therefore can not sustain his replevin.

IV. By the statute, chap. 33 sec. 7, the defendant in such case is entitled to judgment for the damages for which the beasts were impounded.

The referee and the county court allowed nine dollars damages; being not only the damages sustained on the occasion of their being impounded, but all the damages they occasioned between the 7th and the 25th of August. The report finds that on the 7th of August, and on divers days and times between that day and the day of the impounding, they were in the defendant's lot doing damage, and for all this damage the sum of nine dollars is allowed.

We think such an allowance can not be sustained. The damages contemplated by the statute, those which the appraisers are to ascertain, and which the defendant may recover in the replevin (if he recover at all), are only the damages done by the cattle upon the occasion when they are taken to be impounded. He can only take and impound them when found *damage feasant.* Thus it is said in Bacon's Abr., citing Co. Litt. 161, and 9 Co. 22 *a.*, that " if a man is coming to distrain cattle *damage feasant,* and sees them on his soil, and the owner on purpose chases them out before they are taken, he can not distrain them." This is upon the ground that they have ceased to be *damage feasant.* *A fortiori*, if the cattle have without such act and purpose of the owner left the soil where they did the damage, and ceased to be doing damage, then they can not be impounded for such damage; nor can such old trespass and damage be tacked to a subsequent one, and become in whole or in part the basis for proceedings under the statute. If the defendant can recover for other damages upon former occasions, there will be no limit to a recovery except that which may arise from the statute of limitations.

Again, the statute provides that the damages shall be a lien upon the animals, so that the plaintiff, if he redeem them, must pay the damages assessed; or, if he deny the right to impound and replevy, must secure their payment by the replevin bond. This clearly shows that the damages done by the beasts at the time the right to impound was claimed and exercised, are all which can be appraised or recovered by the defendant in the replevin suit. If the plaintiff shows the taking and impounding were unlawful, the defendant certainly could not recover for damages done on a former occasion by the same beasts. We consider the allowance of the sum of nine dollars, for damages done on former occasions, was clearly erroneous.

V. Is the defendant entitled to recover in this replevin suit for the damages done on the occasion when the cattle were impounded? He gave notice to the plaintiff to attend to an appraisal of them, pursuant to the statute, but he proceeded no further. If he had had the damages assessed by appraisers, pursuant to the statute, it is clear that he would have been entitled to a judgment therefor. He did not do so, but after giving the notice he stopped his proceedings under the statute, and no damages were appraised.

On this point the court are not fully agreed. But as we are agreed that the defendant is entitled to recover nominal damages and his costs, and as the amount involved is trifling (but one dollar), and the counsel of the defendant, in their argument, intimated a desire that the court should render judgment for damages in such sum as they deemed legal, we have concluded to allow the defendant nominal damages and his costs. We do so, not intending to decide the question whether, if the impounder omit to have his damages appraised pursuant to the statute, he is or is not thereby precluded from recovering them in the action of replevin, if the owner of the cattle bring such an action, or in trespass, if the impounder should afterwards sue in that form of action for his damages. On those questions no opinion is expressed.

VI. It was urged that, this being a reference, the defendant might recover, not only for the damages done at the time of the impounding, but for the former trespasses by the same beasts.

The reference was of this suit alone. To include other tres passes and wrongs, and causes of action, which could not be legally recovered in it, would violate the spirit of the reference.

The judgment of the county court that the defendant recover nine dollars damages is reversed, and judgment is rendered that the defendant recover one cent damages and his costs.