LEWIS S. EDDY v. SILAS DAVIS.

*Replevin. Goods.*

In the first clause of section 14, chapter 33, Comp. Stat., (Gen. Stat. p. 320, sec. 13,) providing that the action of replevin may be maintained for goods unlawfully taken or detained from the owner thereof, the term *"goods"* includes both animate and inanimate movable property.

REPLEVIN for seven cattle belonging to the plaintiff, and alleged to have been unlawfully taken and detained by the defendant. Plea, the general issue, and trial by jury at the September Term, 1861, BARRETT, J., presiding.

The defendant requested the court to charge the jury that the action could not be maintained, it being conceded by the plaintiff that the cattle in question had not been taken by virtue of any attachment or execution, and that if the action could be maintained at all, it could be only under the first clause of the 14th section of chapter 33 of the Compiled Statutes, relating to replevin.

The court declined to charge as requested, to which the defendant excepted.

*A. Stoddard* and *Butler & Wheeler,* for the defendants.

*C. B. Eddy* and *H. E. Stoughton,* for the plaintiff.

KELLOGG, J. This is an action of replevin for seven cattle, of which the plaintiff claimed to be the owner, and which, as he alleges, were taken and unlawfully detained from him by the defendant.

It has been settled that the action of replevin can not be maintained in this state as an adversary suit at common law, and is to be supported only in the cases in which it is authorized by statute; *Bulkly et al.* v. *Smith et al.*, Brayton 38 ; *Taggart* v. *Hart, ib.* 215 ; *Glover* v. *Chase,* 27 Vt. 533 ; *Bennett et al.* v. *Allen,* 30 Vt. 684. The right of the plaintiff to maintain this action accordingly depends upon the provisions of the statute of replevin ; (Comp. Stat. chap. 33, p. 267, *et seq.*) The 14th

section of the chapter referred to provides that " when any *goods* of the value of more than twenty dollars, shall be unlawfully taken, or unlawfully detained, from the owner or the person entitled to the possession thereof, or when any *goods* or *chattels*, of that value, which are attached on mesne process, or taken in execution, are claimed by any person other than the defendant in the suit, or debtor in the execution, on which they are so taken or attached, such owner or other person may cause them to be replevied," etc. It is conceded that if this action can not be supported as coming within the first clause of this section, it must fail; as it clearly does not come within any of the other provisions of the statute allowing the action of replevin. The defendant insists that the term *goods*, as used in this section, is applicable only to inanimate property, and can not be applied to such property as the cattle described in the plaintiff's declaration; that while the term *chattels* includes in its signification both animate and inanimate property, the term *goods* is limited, and refers only to inanimate movables; and that as cattle are *chattels*, and not *goods*, according to the recognized use and signification of these terms, the plaintiff's action in this case can not be maintained. In general use, the term *goods* is commonly applied to inanimate movables, but its full signification, especially in its legal sense, has a larger or more extensive application. Webster, an approved lexicographer, defines the term as signifying " movables, household furniture, personal or movable estate, *as horses, cattle*, utensils," etc. The primary meaning of the term refers to movable property, whether animate or inanimate. *Biens, bona*, says Sir EDWARD COKE, are words which include all chattels, as well real as personal; Co. Litt. 118, *b.* In this sense, the word *goods* is used in the ancient and well known form of the solemnization of matrimony, contained in the book of Common Prayer: * * * " with all my worldly *goods* I thee endow," etc. This larger sense of the term has always been adopted in the construction of wills, whenever necessary to carry into effect the intent of the testator; and the same rule of construction should be applied to a statute as to a will, whenever necessary to carry into effect the apparent intention of the legislature. The same extended meaning has been

given to the term when it is used in pleading, as in the common counts in assumpsit and debt for *goods* sold and delivered, and also in the statute of frauds, and in the statute relating to the trustee process, and in other statutes, (Comp. Stat. p. 234, sec. 36; p. 256, sec. 2; p. 389, sec. 2.)  It is, as we think, very apparent, on an examination of the provisions of the replevin act, that the term *goods* is used in it in this broad and extended sense, and not by way of contrast to the substantive meaning of the word *chattels*.  But it is claimed that, as this word *chattels* is contained in the second clause of the fourteenth section of the replevin act, as above quoted, its omission from the first clause must be regarded as intentional.  Even if this omission was intentional, it would not change the legal sense or signification of the term *goods*, and consequently would not be decisive of the point in controversy ; but we think that this omission was accidental rather than intentional, and this view of the matter is supported by the fact that the act by which the jurisdiction of justices in the action of replevin was enlarged, (Acts of 1853, No. 8,) gives to justices, in express terms, the jurisdiction " of all actions of replevin for any goods *or chattels* unlawfully taken or unlawfully detained, when the value of such goods or chattels does not exceed twenty dollars."  There is, in our judgment, no satisfactory reason for limiting the meaning of the term *goods* as used in the first clause of the fourteenth section of the replevin act ; and, in the practical construction of this clause, it has always been treated as applying as well to animate as to inanimate movable property.  This construction of the statute is distinctly recognized in *Mellen* v. *Moody*, 23 Vt. 674 ; *Briggs* v. *Oaks*, 26 Vt. 138 ; *Briggs* v. *Gleason*, 29 Vt. 79.

The judgment of the county court in favor of the plaintiff is affirmed.