Hon. JAMES BARRETT,
Hon. WILLIAM C. WILSON, . } Assistant Judges.
Hon. BENJAMIN H. STEELE,

---

F. & L. Keith *v.* Thomas J. Bradford.

*Replevin. Pleading. Impounding. Fence. Trespass ab initio.*

Where an avowry set forth the impounding and averred that "within twenty-four hours thereafter the defendant gave legal notice of the said impounding," without stating the manner in which the notice was given, it was *held* sufficient upon *general demurrer.*

The avowry stated that the defendant took the cattle "in a field and enclosure used and improved" * * * "the soil and freehold of the defendant," etc. The plea said the defendant did not find said cattle in any field of the defendant inclosed with a legal fence," and concluded to the country, to which plea the defendant demurred specially because the plea concluded to the country. *Held,* that the demurrer was well taken.

Keith *v.* Bradford.

It is not competent to make an issue in the form of a simple traverse concluding to the country, by using terms that would require the other party to make different proof from what would be required if the traverse had been in the terms of the averment.

Under the statutes as they now stand it is not necessary that used and improved land lying by the side of wild and unoccupied land of another between which there was no fence by agreement, should be enclosed with a fence such as is described in § 1, ch. 102, G. S., in order to entitle the owner to impound.

A fence such as is described in § 1, ch. 102, G. S., is not necessary to constitute an enclosure as the term is used in the statute giving the right to impound.

Where one has so used and improved a piece of land as to cast the duty upon another to keep his cattle off from it, such land is, in the sense of the word as used in the statute giving the right to impound, the *enclosure* of the owner.

A party impounding does not become a trespasser *ab initio* by failing to give notice of the appointment of appraisers, and by procuring fraudulently improper damages to be embraced in the appraisal.

In a case of void appraisal, an averment in the plea to an avowry that the defendant refused to give up the cattle unless the plaintiff would pay the amount of the appraisal and all costs, cannot avail the plaintiff, in the absence of any averment of a demand of the cattle accompanied with a tender of the legal charge and expenses of impounding and keeping them.

REPLEVIN for cattle impounded, tried on demurrer at the September Term, 1865, PECK, J., presiding.

The defendant avowed the taking of the cattle while " in a field and enclosure, used and improved, in which grass and grain was then and there growing, which said field and enclosure was, at the time of said taking, the soil and freehold of the said Thomas J. Bradford," and impounded them in his barn yard, there being no public pound in the town, " and within twenty-four hours thereafter, gave legal notice of the said impounding to," etc.

To the said avowry the plaintiffs filed seven pleas, in substance as follows : 1st. That said field was not enclosed with a legal fence, and concluded to the country. 2d. That said field was not properly and legally fenced by a fence four feet and a half high, or its equivalent, or by the highway ; and that said cattle did not enter said field through any legal fence, or from any highway, or over any fence that the plaintiffs were bound to keep in repair. 3d. That the plaintiffs were not notified to appear at the appointment of appraisers, or at the time the appraisal of damages was made, and that the defendant

Keith *v.* Bradford.

fraudulently procured damages done by other cattle long before to be embraced in the appraisal. 4th. In substance as the second. 5th. Because the defendant never caused the damages done by said cattle to be legally appraised, and no certificate of appraisal was furnished the defendant. 6th. In substance as the third. 7th. In substance as the preceding pleas, and the plaintiff further averred that the defendant detained said cattle ; refused to give the same to the plaintiff, unless the plaintiff would pay the damages so appraised, etc., the defendant well knowing that said appraisal contained other damages than those done by said cattle at the time they were impounded, etc.

The defendant demurred specially to the first plea, because it concluded to the country. General demurrer to the 3d, 5th, 6th and 7th.

To the second plea to the defendant's avowry, the defendant said that he ought not to be barred from avowing the taking of said cattle, etc., by reason of anything in said plea contained, because, though said field was not properly and legally fenced by a fence four and one-half feet high, or its equivalent, or by a highway, and though said cattle did not enter said field through any legal fence, or from the highway, still said field is bounded on the north by a piece of open and unoccupied land belonging to William Bradford, and said land is bounded on the north by the land and enclosure of the plaintiffs, where the said cattle were accustomed to depasture long before and at the time when, etc. The defendant further said that at the time when, etc., there was no fence four and one-half feet high, nor its equivalent, nor a highway, between the land of the plaintiff where the said cattle were accustomed to depasture, and the open and uncultivated land of William Bradford, by reason whereof said cattle escaped from the land of the plaintiffs, on the side contiguous to the said open and uncultivated land—on to said open and uncultivated land, without the knowledge or consent of said William Bradford, and against his will, and thence escaped on to the field or enclosure of the defendant, on the side contiguous to the said open and uncultivated land, where they were taken, doing damage as in said avowry is alleged.

To the plaintiffs' fourth plea, the defendant replied substantially as to the second.

To the defendant's replication to the plaintiffs' second and fourth pleas, the plaintiffs rejoined that said field was not on either side enclosed with a legal fence four and one-half feet high or its equivalent, nor bounded by a highway, etc., and that said cattle did not enter said field through any legal fence, nor from any highway, nor from or over any fence, which it was by law the duty of the plaintiffs to maintain, etc.

And as to the defendant's demurrer to the plaintiffs' 1st, 3d, 5th, 6th and 7th pleas, the plaintiffs said that the said pleas were good and sufficient in law, etc.

General demurrer to the plaintiffs' rejoinder.

The court decided all the questions arising upon the demurrers in favor of the defendant, that is, the court decided that the plaintiffs' 1st, 3d, 5th, 6th and 7th pleas to the defendant's avowry were insufficient, and that the plaintiffs' rejoinder to the defendant's replication to the plaintiffs' second and fourth pleas was insufficient, to which the plaintiffs excepted.

*Wing & Lund*, for the plaintiffs.

The avowry is insufficient, in not setting out the manner of notice to the plaintiff. The defendant should have set out all the facts necessary to show he proceeded legally with the distress. There is no averment that the fences were legal to the enclosure, etc. There is no allegation legally set forth that there is no pound in Barre, so as to justify the defendant in impounding the cattle in his barn yard. The defendant claims damages for destruction of his crops by the cattle, and prays judgment for his damages, costs and charges, etc., yet he does not set forth in his avowry any notice to the plaintiff of any claim of damages, or to appear and appoint appraisers, or any other acts justifying his detention.

Acts which render impounding void, see *Brown* v. *Smith*, 1 N. H. 36 ; *Sackrider* v. *Daniel*, ( in error ) 10 Johns. Rep. 253 ; *Hale* v. *Clark*, 19 Wend, 498 ; *Kimball* v. *Adams*, 3 N. H. 182 ; *Davis* v. *Campbell*, 23 Vt. 236 ; *Palmer* v. *Shepherd et al.*, 17 Me. 239 ; *Seley* v. *Peters*, 5 Gilman, (Ill.) 130 ; *McIntire* v. *Marden*, 9 N. H. 288.

Keith v. Bradford.

Any unlawful act of an officer or person acting under authority of law makes him a trespasser *ab initio*. *Bond et al.*, v. *Wilder*, 16 Vt. 393 ; *Munroe* v. *Merrill*, 6 Gray, 236 ; *Williams* v. *Ives, et al.*, 25 Conn. 568 ; *Wilson* v. *Ellis*, 28 Penn. S. Rep. 238 ; *Fitz Water* v. *Stewart*, 16 Penn. St. Rep. 22 ; *Mussey* v. *Cummings*, 34 Me. 74 ; *Bass* v. *Philbrick*, 39 Me. 29 ; *Minor* v. *Deland*, 18 Pick. 266.

*Peck & Fifield* and *French*, for the defendant.

The first plea is bad ; it should have concluded with a verification.

The defendant was not obliged to fence against cattle unlawfully on the land of William Bradford, the adjoining proprietor. Story's Plead. p. 477 ; *Hurd* v. *R. & B. R. R.*, 25 Vt. 122 ; *Trow* v. *Vt. C. R. R.*, 24 Vt. 494 ; *Morse* v. *R. & B. R. R.*, 27 Vt. 49 ; *Jackson* v. *R. & B. R. R.*, 25 Vt. 150 ; 16 Mass. 33 ; 1 Conn., 103.

The case comes within the 5th § of ch. 102 G. S. p. 625. The cattle were then unlawfully on the defendant's land doing damage. For this damage he had a right to impound. G. S. p. 617, § 4.

A fence is not necessary to constitute an enclosure. See § 1, ch. 102, G. S.

The old provision of the statute, ( Comp. Statutes, p. 519, § 16,) that a person shall not impound unless he has a legal fence, is not embraced in the General Statutes. The cases in the first and sixteenth Vermont Reports are therefore no authority, and also for the reason that in those cases the question was between adjoining proprietors.

Third plea, " knowingly caused prior damage to be included in the appraisal." This plea is bad, whether there is a fraudulent appraisal or no appraisal at all, it will not avoid the impounding. It is void simply as a method of ascertaining the damage. *Harriman* v. *Fifield*, 36 Vt. 341 ; see also 7 Vt. 367, and 31 Vt. 690.

Fifth and sixth pleas bad for the same reason as the third.

Seventh plea bad in ommitting to allege any demand for the cattle or any tender of the costs or charges of impounding. The 3d, 5th, 6th and 7th pleas are copies of the pleas in *Harriman* v. *Fifield*, and the questions presented here were there passed upon.

THE opinion of the court was delivered by

BARRETT, J., The avowry sets forth the impounding, and avers that " within twenty-four hours thereafter the defendant gave legal notice of the said impounding." Under a general demurrer it is claimed that this averment is insufficient, and that the manner in which the notice was given should have been stated. The statute prescribes that notice shall be given, either verbal or in writing.

Under this avowry, upon issue made by a traverse of notice, the burden would rest on the defendant, of showing that notice had been given in one or the other of the prescribed modes ; and when proof should be offered, it could not be objected that there was no sufficient averment to entitle the evidence to be admitted.

The alleged defect is not of the substance, but of the *manner*, and even if it were to be held as a defect of manner, such defect cannot be reached by general demurrer. We do not decide that it is a defect at all ; but only that if it is, general demurrer will not reach it.

The first plea is met by a special demurrer, assigning for cause that it concludes to the country. The plaintiffs claim that the plea constitutes a traverse of a material averment in the avowry. The avowry states that the defendant took the cattle " in a field and enclosure used and improved," * * * " the soil and freehold of the defendant," etc.

The plea says the defendant " did not find said cattle in any field of the defendant enclosed with a legal fence." The plaintiff rests on the idea that under this averment in the avowry the defendant would be obliged to prove that his field and enclosure was surrounded with a fence four and one-half feet high or its equivalent, or by a highway.

We do not think the terms of the averment would require such proof. If there is defect in the avowry, in this averment, in not setting forth the kind of bounds by which the field was enclosed it should have been met by a special demurrer. It is not competent to make an issue, in the form of simple traverse concluding to the country, by using terms that would require the other party to make different proof from what would be required if the traverse had been in the terms of the averment. The demurrer to this plea is well

taken.   Under the second and fourth pleas, and the replications and
rejoinders, ending in demurrer, the question raised is, whether, in
order to entitle the defendant to impound, it was necessary that his
field in this case should have been enclosed with a fence such as is
described in section 1 of the chapter on fences.

As between the defendant and Wm. Bradford it was their right to
let their land remain without a division fence.   If they were mutu-
ally satisfied to let the land of Wm. Bradford lie open and unoccu-
pied, under the statute as it has existed since 1853, the defendant
could not, for his own protection against the cattle of owners adjoin-
ing said Wm. Bradford's land on other sides, be required to make a
fence between his own land and the open and unoccupied land of said
Wm. Bradford.   If the plaintiff had desired to occupy his land ad-
joining said William's open and unoccupied land, he must do it under
the provisions of the statute as to fencing ; and he incurs the peril of
remedies accorded by the law to parties suffering damage by his
default in this respect.   In a recent case in Windsor county this view
of the law was fully considered and adjudged in an action of tres-
pass, upon facts almost identical with the present case.   Hence the
only open question now is, whether the suffering party may impound
cattle in a case like the present.   The statute, chapter 100, section 4,
says, " any person may impound any beast found in his enclosure
doing damage."   In order to constitute such enclosure, is it necessary
that the fence should be such as is described in section 1, chapter
102, General Statutes ?

In 1853 the statute, prescribing the rights, duties and liabilities of
land owners as to fences and occupation, changed the law requiring
the land owner to fence himself in against his neighbor's cattle, and
required the owner of the cattle to fence them in against doing dam-
age to his neighbor.   And it contained a section repealing the 16th
section of chapter 92 of the Compiled Statutes, which prohibited
impounding by any person whose lot in which the cattle were found
doing damage was not enclosed by the fence called *legal.*

The repeal of that section, in connection with and as part of the
new act in 1853 on the subject of fences, leaving at the same time
the statute as to the right to impound, chapter 100, section 4,

untouched, compels the conclusion that the legislature did not intend to require a compliance with said repealed section 16 of chapter 92 of the Compiled Statutes.

I have in mind that in Hammond's N. P. 151 it is said, that the law surrounds the land which a man owns with an imaginary fence, if no other exists, constituting his enclosure ; and it is very familiar that no fence is necessary in order to entitle to an action for trespass committed, declaring *quare clausum fregit.*

We think, upon principle, and in entire consistency with the statutory laws in their history and provisions in this state, when a land owner has done upon and around his own land, by way of fence and improvement and occupancy, all that the law requires in order, under the same law, to cast the duty on others to keep their cattle off from his land, that such land, in the sense of the word as used in the statute giving the right to impound, is the *enclosure* of the owner.

This being so, the case under the second and fourth pleas and the subsequent pleadings, entitles the defendant to impound the cattle.

The avowry alleges that within twenty-four hours the defendant gave the plaintiff legal notice of .the impounding. The seventh plea does not deny and therefore admits this averment. That plea alleges that no notice was given of the appointment of appraisers or of the appraisal. The demurrer to this plea admits this.

The appraisal, whatever it was, whether the proper damages only were embraced, or improper damages were fraudulently caused to be embraced, could not in any manner affect the plaintiff as was held in *Harriman* v. *Fifield*, 36 Vt. 341.

It was also held in that case that such irregular or void appraisal " would not prevent the impounder from lawfully detaining the animals regularly impounded for the legal charges and expenses until they were paid or tendered." This is but announcing the legal and logical result of what was held in *Moore* v. *Robbins*, 7 Vt. 363, viz : that the provision in relation to appointing appraisers is only to ascertain the damages. If the person impounding waives any claim for damages, as he may, it is not necessary to have any appraisers appointed. The same was reasserted in *Holden* v. *Torrey*, 31 Vt. 690. It is quite clear that an omission to give notice of the appointment

3

of appraisers would preclude the party from claiming under the appraisal, and if, in addition, it was affected with fraud, and so, wholly void, it would be the same as if no appraisal had been made, and would leave the parties to stand upon the facts constituting the taking, impounding and detaining the cattle with notice only of the impounding. Under the avowry and the seventh plea they stand upon just those facts; and that being so, under the authority of the cases cited we must hold that the defendant did not become a trespasser *ab initio* by failing to give notice of the appointment of appraisers, and by procuring fraudulently improper damages to be embraced in the appraisal. The averment in the plea, that the defendant refused to give up the cattle unless the plaintiff would pay the amount of the appraisal and all costs, cannot avail the plaintiff, in the absence of any averment of a demand of the cattle accompanied with a tender of the legal charges and expenses of impounding and keeping them.

These views cover the questions raised by the third, fifth and sixth pleas.

Judgment is affirmed for the defendant with costs, and the damages adjudged according to the stipulation on file, and charges and expenses of impounding and keeping to be ascertained by the clerk.