## COUNTY OF ORLEANS,

#### AT THE

### AUGUST TERM, 1866.

---

PRESENT:

HON. JAMES BARRETT,
HON. LOYAL C. KELLOGG,  } ASSISTANT JUDGES.
HON. ASAAEL PECK.

---

THEODORE TRIPP *v.* C. B. LELAND.

*Replevin.*

A justice of the peace has jurisdiction in replevin *for goods and chattels* unlawfully
taken or detained of value not exceeding twenty dollars.

THIS was an action of replevin, returnable before a justice of the peace, in which the officer was commanded to replevy one logging chain, of the value of five dollars, which had been attached by Carlos B. Leland, on a writ in favor of him, the said Leland, and against one John C. Tripp, and which he, Leland, was unlawfully detaining. On the return day of said writ, the defendant appeared and by his counsel moved to dismiss said suit for the want of jurisdiction in the

Tripp *v.* Leland.

justice to try the subject matter of said suit, the same not having been brought and prosecuted to recover the possession of any beast, distrained or impounded of a value less than twenty dollars ; which motion was overruled by the court, and the trial proceeded upon its merits, and after full hearing the court gave judgment for the plaintiff, from which the defendant appealed to the county court, and upon the case coming into said court, the defendant's counsel renewed his motion to dismiss, and *pro forma* the court dismissed said suit, holding that the said justice had no jurisdiction of the subject matter of said suit,—to which the plaintiff excepted.

*Wm. W. Grout,* for the plaintiff.

*J. P. Sartle,* for the defendant.

The opinion of the court was delivered by

BARRETT, J. The question is, whether a justice of the peace has jurisdiction in replevin *for goods and chattels* unlawfully taken or detained of value not exceeding twenty dollars. Section 18 of chapter 31 of the General Statutes, " on justices of the peace," expressly gives such jurisdiction. Section 19 provides the mode of exercising it, in part by specific provision, and in part by reference to other parts of the same chapter, and to the chapter " on replevin." It is nevertheless insisted by the defendant that such jurisdiction does not exist ; and the case of *Glover* v. *Chase,* 27 Vt. 533, in its application to the course of legislation upon the subject,. is relied on as settling the point. At the time that case arose the chapter of the statute "on justices of the peace," gave them jurisdiction in all actions of a civil nature except actions for slanderous words, false imprisonment, *replevin* above the sum of seven dollars,. &c. The corresponding section in the General Statutes says *"replevin for goods and chattels."* The Compiled Statutes made no provision for replevin before justices of the peace except in case of cattle distrained. The act of 1853 gave jurisdiction and made provision for exercising it by justices in case of *goods and chattels* unlawfully taken or detained, when the value did not exceed twenty dollars. So the Compiled Statutes and

that act of 1853 taken together gave justices jurisdiction, and provided for exercising it in cases both of cattle distrained, and of goods and chattels unlawfully taken or detained. It was when the provisions of the Compiled Statutes alone, on the subject of replevin, existed, that the case in the 27th arose. The General Statutes above cited embody in effect the provisions of the Compiled Statutes and the act of 1853, using the expression "replevin for *goods and chattels* when the sum does not exceed twenty dollars;" and thus it expressly gives the same jurisdiction that was given by the 20th section of chapter 29 of the Compiled Statutes, and by the 1st section of the act of 1853.

Section 19 of the General Statutes is entirely new, giving all and more than was given by section 2 of the act of 1853 by way of provision for exercising jurisdiction by justices of the peace where goods and chattels were unlawfully taken or detained. There is, then, explicitly given by the General Statutes to justices of the peace jurisdiction in cases like the present, and ample provision is made for exercising it, thus supplying the very provisions for the lack of which in the Compiled Statutes the court held in the case in 27th Vt. *supra*, that justices had not jurisdiction in such cases.

The judgment dismissing the suit is reversed and the case remanded to the county court.