Coös,
June, 1894.

McKEEN v. CONVERSE *& a.*

An agister of cattle may maintain an action for their injury or conversion.

A landowner may seize and impound a domestic animal damage feasant, at any time while it remains upon his land.

In an action for the taking and detention of cattle, when the defendant pleads the general issue and justification under impounding proceedings, the burden of proof is on the plaintiff.

The order of a justice of the peace in impounding proceedings cannot be collaterally impeached.

TROVER, for five cows, with a count in case alleging that the plaintiff, as agister, had in his custody five cows which the defendants wrongfully took from him under pretence of impounding. Plea, the general issue, with a special plea of justification under impounding proceedings. Facts found by a referee.

In 1890, the plaintiff owned a pasture, and the defendants tillage land, in Northumberland, between which was a lot owned by S. The fence between the pasture and the S. lot was defective, and there was none between that lot and the tillage. The plaintiff pastured five cows belonging one each to Atkinson and four others, who were to drive them to and from the pasture each morning and night. About two acres of the defendants' land was cultivated in oats. September 18, 1890, the defendants found the cows doing damage in their oat field, and thereupon took them for the purpose of impounding them; and early in the forenoon drove them to and put them in the barnyard of A. A. Potter in Northumberland, who they understood was the poundkeeper. After the cows were discovered in the oat field, and before they were taken by the defendants, one of them strayed into the defendants' adjoining grass land, and was there taken.

A sufficient notice of the impounding, signed by the defendants, was left with Potter the same evening. A copy of this paper was on the same day delivered to, or left at the abode of,

each owner of the cows, except Atkinson, to whom it was read on that day, and at whose abode it was left in the forenoon of the next day; but the referee was unable on the conflicting evidence to find affirmatively that it was so left within twenty-four hours from the time of impounding. September 30, after the appraisers' report of damages was made, the defendants presented to E. F. Bucknam, a justice of the peace, a petition praying " for an order for the sale or appraisal of said five cows." On the same day, without notice to the owners of the cows or to the plaintiff, Bucknam issued an order addressed to the defendants, directing them to sell the cows at public auction, " giving notice and selling as sheriffs may do upon execution." By virtue of this order and upon due notice, the defendants sold the cows, October 3, at public auction, to the plaintiff. The application for the sale was made September 30, 1890. In the order of sale, made the same day, the justice states that " upon the foregoing application I notified the parties to appear at the dwelling-house of Asaph Converse, on Friday, the 26th day of September, instant, at ten o'clock in the forenoon, then and there to be heard upon said application." The justice acted as adviser and counsel for the defendants in all the proceedings, made for them all the writings, and attended the sale in their interest.

*Ladd & Fletcher*, for the plaintiff.

*Henry Heywood*, for the defendants.

WALLACE, J. The plaintiff being in the lawful possession of the cattle when impounded, as agister, had a special or qualified property in them which entitled him to maintain an action for any injury to his possession, or any conversion of the property. 2 Bl. Com. 453; 2 Kent 585; Sto. Bailm., s. 443; *Woodman* v. *Nottingham*, 49 N. H. 387, 393.

It does not follow that one of the cows was not damage feasant within the meaning of the statute, because, although when discovered by the landowner she was in the oat field, yet at the precise moment of time when taken by the defendants for the purpose of impounding she had strayed from the oat field and was then in the adjoining grass land of the defendants. According to the somewhat strict construction that has been put upon the matter of damage feasant, a person cannot impound animals for damages done to his land on any other occasion than the particular one on which they were taken by him to be impounded, and he cannot impound them for this damage after they have left the land. When, however, at the precise moment when taken they are trespassing on a different part of the land

from what they were when first discovered, both reason and the authorities warrant the holding that they are damage feasant, and liable to be impounded for the trespass. *Holden* v. *Torrey*, 31 Vt. 690; *Clement* v. *Milner*, 3 Esp. 95; Co. Lit. 161 a.

In regard to the question of whether the defendants gave due notice of the impounding within twenty-four hours to the owners or person having these cows in charge, in accordance with G. L., *c.* 143, *s.* 4, although no notice was given to the plaintiff who had the animals in charge, yet it was claimed that due notice was given to the owners. The referee finds that written notice was delivered to, or left at the abode of, each of the owners of the cows, except Atkinson, on the day of impounding, and was read to Atkinson on that day, and that on the forenoon of the next day it was left at Atkinson's house; but he is unable to find affirmatively that it was within twenty-four hours of the time of the impounding. The plaintiff alleges his right of possession of the property and asks for damages on account of the wrongful detention and conversion of the cattle by the defendants. The burden is on the plaintiff to prove affirmatively his case, and to show that the taking and detention of the cattle by the defendants was not lawful; and the burden does not shift from the plaintiff to the defendant, but remains on the plaintiff throughout the case. *Hovey* v. *Grant*, 55 N. H. 497; *Bank* v. *Getchell*, 59 N. H. 281; *Tenney* v. *Knowlton*, 60 N. H. 572; *Tabor* v. *Judd*, 62 N. H. 288; *Eastman* v. *Gould*, 63 N. H. 89. Although the referee was unable to find that this notice of the impounding was given to the owners within twenty-four hours, he has not found that it was not so given, and therefore the plaintiff has failed to make out this particular objection to the legality of the impounding proceedings.

The justice in the order of sale, made on the application of the parties impounding, recited that he made the order after notice to the owners of the cows. But it appears from the records that the notice which the justice says he gave to the owners of the cattle could not have been given, because the order of sale which was dated September 30, on the same date as that of the application, recites that the parties were notified to appear on the 26th of September, four days before the application was made. It further appears from the report of the referee, that the justice acted as adviser and counsel of the defendants in all the proceedings. A justice is prohibited by statute from acting as counsel, and from aiding or assisting either party in a cause pending or which may come before him. G. L., *c.* 214, *s.* 13. Although the justice could not lawfully act, and the order of sale was improperly granted because no notice was served on the owners of the animals, yet his judgment is not for these reasons void. A judgment rendered in this state, against a citi-

zen of this state, by a court or by any tribunal, for the revision of whose proceedings a direct process by appeal or otherwise is provided, cannot be impeached collaterally by a party, except for want of jurisdiction of the subject-matter. *Kimball* v. *Fisk*, 39 N. H. 110, 117; *Moses* v. *Julian*, 45 N. H. 52; *State* v. *Shattuck*, 45 N. H. 205; *Stearns* v. *Wright*, 51 N. H. 600; *Horne* v. *Rochester*, 62 N. H. 347; *Blanchard* v. *Webster*, 62 N. H. 467; *Eastman* v. *Dearborn*, 63 N. H. 364; *Fowler* v. *Brooks*, 64 N. H. 423. "If the validity of a judgment could be contested collaterally, a second judgment, avoiding the effect of the first without a direct and express annulment of it, would be subject to a like attack, and there would be no termination of litigation by a final decision." *State* v. *Kennedy*, 65 N. H. 247, 248. The plaintiff had a complete remedy by *certiorari* or other process to review these proceedings.

The justice having jurisdiction of the subject-matter, neither his improper conduct by reason of his acting as counsel for the defendants, nor the want of notice, renders the judgment void, so that it can be attacked collaterally.

*Judgment for the defendants.*

CARPENTER, J., did not sit: the others concurred.