STATE OF VERMONT

SUPERIOR COURT
Washington Unit

CIVIL DIVISION
Docket No. 264-7-20 Wncv

2020 NOV 24 P 2:0

Wayne Satre,
   Plaintiff

v.

DECISION ON MOTION

Lindsay Ralph,
   Defendant

## Wayne Satre's Motion for Writ of Replevin

In this case, Plaintiff Wayne Satre, the father of Dylan Satre and now the administrator of Dylan's estate, has sought the return of Dylan's dog, Kush, from his girlfriend, Defendant Lindsay Ralph, with whom both Dylan and Kush lived prior to Dylan's death.[1] Ms. Ralph has refused to voluntarily give up possession of Kush. Wayne now seeks replevin (return of the dog) on a *preliminary* basis under Rule 64. The court held an evidentiary hearing and now finds and concludes as follows.[2]

### Findings of Fact

Dylan died intestate on March 19, 2020 of a drug overdose.

He had been gifted a dog by his grandmother in about 2013, which he had named Kush.

Dylan had a romantic relationship with Lindsay Ralph. They had lived together on and off for several years.

Dylan had gone to a substance abuse rehabilitation program some time shortly before his death. At that time, he asked Ms. Ralph to take care of Kush.

Ms. Ralph found Dylan after he overdosed. She asserts that she suffers from PTSD and the court has no reason to doubt that. She has retained possession of the dog since Dylan's

---

[1] Wayne initiated this case in his personal capacity only, although claiming to seek possession of property belonging to his deceased son that had not been distributed to him by the probate court. Dylan's estate subsequently was opened, and Wayne was appointed administrator. Wayne then resumed his litigation of this case, although he did not formally substitute himself as plaintiff in his administrator capacity. He did, however, begin describing himself in the caption of his filings as "Wayne Satre, Fiduciary, Estate of Dylan Satre." The court accepts that gesture as an implied motion to substitute, which the court now grants. To be clear, the proper plaintiff in this case is Wayne *as the administrator of Dylan's estate*. The claim for replevin initiated by Wayne in his personal capacity now seeks to recover possession of the dog for the benefit of Dylan's estate rather than for Wayne personally.

[2] There is no proof of service of the complaint and summons or any waiver of service in the record. However, Ms. Ralph appeared at the hearing and testified.

death. The dog goes to work regularly with Ms. Ralph, and she regards the dog as providing her with emotional support.

Wayne and his other son, Devin, came 2–3 days after Dylan's death for his belongings. They asked to take Kush, and Ms. Ralph said they could not take the dog.

Kush has, in the past, stayed with Wayne for as much as 3 months when Dylan was between spaces to live.

Ms. Ralph registered the dog with the Town of Northfield after Dylan's death. She also paid for some veterinary services.

The dog has a value of approximately $250. It was purchased for $500 and is a purebred mini-Dachshund.

Until Dylan's death, his grandmother paid for most of Kush's vet expenses.

At the hearing, Ms. Ralph was not able to articulate any basis for asserting ownership of the dog.

## Conclusions of Law

As administrator of the estate, Wayne has the right to gather up Dylan's various assets, which were few. The dog appears to be the only issue outstanding. An administrator has the authority to prosecute an action to recover assets of the deceased: "An executor or administrator may commence, prosecute, or defend, in the right of the deceased, actions that survive to the executor or administrator and are necessary for the recovery and protection of the property or rights of the deceased and may prosecute or defend the actions commenced in the lifetime of the deceased." 14 V.S.A. § 1401.

Here, the administrator has brought an action for the recovery of the decedent's dog through a form of action known as replevin. Replevin is described by statute, in relevant part, as follows:

> A person may maintain an action of replevin for goods in the county in which the goods are detained in any of the following circumstances:
> (1) When goods are unlawfully taken or unlawfully detained from the owner or person entitled to the possession thereof.

12 V.S.A. § 5331; see 77 C.J.S. Replevin § 1 ("It is sufficient that the defendant is in possession of certain property of which the plaintiff claims to have a superior right as long as the plaintiff establishes his or her entitlement to the property." (footnotes omitted)).

Thus, under § 5331, Wayne can bring suit for a return of Kush insofar as it can be said that the dog is classified, for replevin purposes, as "goods." See Eddy v. Davis, 35 Vt. 247, 248 (1862) (explaining that replevin applies to "animate" property such as, in that case, cows). Ms.

Ralph does not assert any legal claim of ownership, or superior right to possession, of the dog. She essentially is asserting a right to the continued companionship of the dog.

Domestic pets occupy a special place in the eyes of the law. See *Goodby v. Vetpharm, Inc.,* 2009 VT 52, ¶ 8, 186 Vt. 63 ("We have acknowledged that pets have special characteristics as personal property."). "We have noted in the past that categorizing a beloved pet as mere property fails to recognize that such an animal's "worth is not primarily financial[;] . . . its value derives from the animal's relationship with its human companions." *Scheele v. Dustin,* 2010 VT 45, ¶ 9, 188 Vt. 36 (citation omitted). Nonetheless, pets remain personal property, subject to the same rules as other types of property and generally without regard to the relationship between the pet and humans. *Id.* ¶ 17.

The court recognizes the special value that pets may have not just to their owners but to their caretakers. That value is especially acute in this case, where the dog is symbolic to both parties due to its association with Dylan and the parties' attachments to him.

The facts are clear that, until the time of his death, Dylan always was the lawful owner of Kush. Dylan's death, on its own, did not create any ownership right in Ms. Ralph or give her a right of possession that is superior to that of Dylan's estate. Ms. Ralph has not articulated any basis for a different conclusion, such as abandonment or some legal transfer of ownership. She has asserted that Kush would be happier staying with her, but the court has no basis for finding that Kush would be unhappy with either party as both have cared for him in the past.

The court thus concludes that there is a "reasonable likelihood that the plaintiff will prevail" in this action and thus is entitled to replevin on a preliminary basis. V.R.C.P. 64(b)(2). Typically, a bond is required for such relief. However, given the nature of the property and the parties' interests in it, that requirement is waived.

Order

Wayne's motion for writ of replevin is granted:

(1) Ms. Ralph shall return Kush to Wayne Satre within 3 days. If that does not occur, the court will issue an order, on request, directing the sheriff to replevy the dog.

(2) The court will schedule a status conference in 30 days to determine whether either party wishes to present further evidence or if this order should become final.



Robert R. Bent,
Judge