### Joseph Wheelock *v.* Silas Sears.

The statute,—Rev. St., c. 106, § 16,—which provides, that, if an officer shall receive any greater fees than provided for by law, he shall pay to the person aggrieved ten dollars for each dollar excess of fees so received, and in the same proportion for a greater or less sum, is a penal statute, and, as such, is em- braced in section six of chapter fifty seven of the Revised Statutes, limiting the time, within which actions may be brought, to four years; and, consequently, an action, brought by a person aggrieved by the taking of illegal fees, for the purpose of recovering the penalty, comes within the provision of section nine of chapter fifty seven of the Revised Statutes, requiring a minute to be made upon the writ of the day, month and year when the same was signed.

The minute required by that statute,—Rev. St. c. 57, § 9,—must be made at the time the writ is signed;—if made subsequently it is insufficient.

But the objection, founded upon the want of such minute, like any ordinary mat- ter in abatement, if not insisted upon at the earliest opportunity, is waived. If the action is commenced before a justice of the peace, the motion to dismiss, founded upon the want of such minute, must be made at the return day of the writ.

If such objection is not taken at the return day of the writ, it is waived, although the parties, after the writ was served, agreed to substitute another day for the return day, but without any express reservation of the right to insist upon this dilatory matter.

When a case came into the county court by appeal, the records of the justice, as well as the writ, service, pleadings, &c., are always to be treated in the su- preme court as part of the case, though not specially referred to in the bill of exceptions.

This was an action founded upon the statute,—Revised Statutes,. chap. 106, sec. 16,*—against taking illegal fees, brought by the' plaintiff as the party aggrieved, the defendant being a deputy sheriff,. and was commenced before a justice of the peace, and came to the county court by appeal. The original writ was made returnable April 11, 1845; and no minute was made upon it, at the time it

---

*Which enacts, that, " If any officer, or other person, shall receive any greater ' fees than is provided for by law, he shall pay to the person aggrieved ten dollars ' for each dollar excess of fees so received, and in the same proportion for a ' greater or less sum."

was signed, of the day, month and year when it was signed; but on the return day of the writ a minute was made upon it by the magistrate, that it was exhibited to and signed by him the twenty second day of March, 1845. The record made by the magistrate showed no continuance of the case from the eleventh day of April, but stated, that the case came on for trial on the twenty-first day of April, 1845, and that on that day the defendant moved that the suit be dismissed, for the reason that the minute required by the statute was not made upon the writ at the time it was signed. This motion was overruled by the magistrate; and, when the appeal was entered in the county court, the motion was renewed.

The county court, June Term, 1845,—Royce, J., presiding,— ordered the suit dismissed. Exceptions by plaintiff.

——— ——— for plaintiff.

1. The motion to dismiss was made too late; the rule in relation to pleas in abatement applies. 16 Vt. 604.

2. The statute does not require a minute to be made at the time of signing, as in case of an indictment. Rev. St. 472, § 16. Ib. 304, § 6. Ib. 469, § 26.

3. This is not an action for a penalty, or a penal forfeiture. It is for accumulated damages. It is a bar to an action for the excess of legal fees. It is remedial. It is not a "penalty, or forfeiture, given in whole or in part to the party aggrieved." A *qui tam* action for the penalty, in case of a fraudulent conveyance, is an instance of this; the moiety of the penalty, which belongs to the creditor, does not go to reduce his debt. For these reasons no minute is necessary. *Woodgate* v. *Knatchbull*, 2 T. R. 148. *Colburn* v. *Swett*, 1 Metc. 232. *Wiley* v. *Yale*, 1 Metc. 553. *Goodridge* v. *Rogers*, 22 Pick. 495.

*C. Story* and *Poland* for defendant.

The statute,—Rev. St. c. 57, § 9,*—contains a clear statement of the time when the minute required by it shall be made,—that is,

———

*Which enacts, that " When any action shall be commenced, in any of the
' cases mentioned in this chapter, the clerk or magistrate, signing the writ, shall
' enter upon it a true minute of the day, month and year, when the same was
' signed."

Wheelock *v.* Sears.

"when any action shall be commenced," &c. In section eight of the same chapter, which refers to criminal proceedings, it is expressly required, that the minute shall be made "*at the time of exhibiting*," &c.; and in section ten of the same chapter\* the provisions of sections eight and nine are referred to, as being identical; and the want of the proper minute, in each case, has the same effect and is to be taken advantage of in the same manner. If the position taken by the plaintiff is correct, as to the proper construction of section nine, then the provision of section ten, so far as it relates to section nine, is nugatory; for if the defendant make no motion to dismiss at his first appearance in the case, the want of the minute is waived; and if he make such a motion, the plaintiff may then have the minute made, and so cure the defect. The question is substantially decided in *Montpelier* v. *Andrews,* 16 Vt. 604, and in *Pollard* v. *Wilder,* cited in a note to that case.

It is urged, also, that the exceptions and the papers made part of the exceptions do not show that the motion to dismiss was made at the return day of the writ, and before the cause had been continued. It is for the party excepting to show, by his exceptions, that error has intervened; and unless he do so, this court will presume, that the county court decided properly. *Mattocks* v. *Bellamy,* 8 Vt. 463. *Richardson* v. *Denison,* 1 Aik. 210. *Eaton* v. *Houghton,* Ib. 380. *Adams* v. *Ellis,* Ib. 24. *Stearns* v. *Warner,* 2 Aik. 26. *Russell* v. *Fillmore,* 15 Vt. 130. 17 Vt. 48.

The opinion of the court was delivered by

DAVIS, J. This action was originally commenced before a justice of the peace, and came into the county court by appeal. It was brought by the plaintiff, as the party aggrieved, to recover a penalty of ten fold for taking illegal fees as a deputy sheriff, and was made returnable April 11, 1845. No minute of the day, month and year, when the writ was signed, was entered upon it, by the magistrate, at the time of signing; but on the return day of the writ a minute, in the usual form, was entered on the back thereof, asserting that it

---

\*Which enacts, that "every bill, complaint, information, indictment, or writ, on which a minute of the day, month and year shall not be made, as provided by the two preceding sections, shall on motion, be dismissed.

71

was exhibited to and signed by him on the twenty-second day of March, 1845. It appears by the justice's records, copies of which were filed in the county court, that, on the 21st of April, the case came on for trial before the magistrate, and at this time a motion was made by the defendant to dismiss the case, on the ground that the requisite minute was not made at the time of signing,—which motion was overruled, and the defendant was ordered to answer over. On entering the case in the county court the motion to dismiss was renewed, and that court ordered the suit to be dismissed, to which decision the plaintiff excepts. Several questions have been made in argument.

1. It is insisted, that this action is not for a penalty, or forfeiture, and so is not comprehended in any section of chapter fifty-seven of the Revised Statutes, and does not, consequently, come within the purview of section nine, requiring a minute to be made. The cases cited from Massachusetts simply show, that actions, in which double or treble damages may be recovered, are not, in their courts, regarded as penal actions. We have no doubt whatever, but that our statute,—Revised Statutes, chap. 106, sec. 16,—is to be regarded as a penal statute, and, as such, is embraced in section six of chapter fifty-seven, limiting the time, within which actions may be brought, to four years.

2. It is farther contended, that the statute does not, in terms, require the minute to be made *at the time* of signing the writ; but that, if made subsequently, it will satisfy the law. This proposition, however, we are satisfied cannot be sustained. The *eighth* section says, when any bill, complaint, &c., shall be *exhibited*, in any cases referred to, the clerk or magistrate, to whom it shall be exhibited, shall, *at the time of exhibiting*, make a minute, &c. In the ninth section the language is, *when any action shall be commenced*, the clerk or magistrate, signing the writ, shall enter upon it a true minute, &c. This is no less explicit, than the preceding section, as to the time when the minute is required to be made.

3. A farther position is taken by the plaintiff's counsel, in opposition to the motion to dismiss, which we are satisfied, upon consideration, must be sustained. It is, that the motion was not seasonably interposed, and that the objection, like any ordinary matter in abatement, if not insisted upon at the earliest opportunity, is

Wheelock v. Sears.

waived. The motion to dismiss the action should have been made at the return day of the writ, which was, as already stated, the 11th day of April, provided the defendant had legal notice of the suit,— as we understand in the argument was the fact, although the copies, with which we are furnished, omit the service of the writ altogether.

It has been insisted by the defendant's counsel, that the copies filed with the clerk contain no evidence of any continuance of the case from the 11th of April to the twenty-first of April, nor any explanation of the cause or manner of the postponement. This is true. But however it may have occurred, whether by a regular continuance, or by mutual consent, treating the latter day, instead of the former, as the return day, the result would be the same, unless there were an express reservation of the right to insist on this dilatory matter,—which does not appear and is not pretended.

The defendant's counsel have farther insisted, that the court have no means of ascertaining at what time the motion to dismiss was originally made, inasmuch as the justice's records are not specially referred to as a part of the case in the bill of exceptions. No such reference was necessary. These records, as well as the writ, service, pleadings, &c., are always to be treated as a part of the case, when it comes into this court on exceptions. Other documents and writings, used on the trial as matters of evidence, must be specially referred to and made a part of the case, or they will not be noticed.

In favor of the position, that an objection of this sort is treated like any ordinary matter in abatement, in respect to the time of urging it, the case of *Pollard* v. *Wilder*, 17 Vt. 48, affords a decisive authority. That case cannot be distinguished from the present. In the case of *Montpelier* v. *Andrews*, 16 Vt. 604, the objection was seasonably taken; a circumstance evidently regarded as material.

The defendant, therefore, in this case, when he filed his motion to dismiss before the magistrate, had lost the right to avail himself of this matter, which, if seasonably brought forward, would have constituted a good defence to the plaintiff's action. The judgment of the county court must therefore be reversed, and the cause be remanded for trial.