HON. PIERPOINT ISHAM, ⎫
HON. MILO L. BENNETT, ⎬ ASSISTANT JUDGES.

---

## WILLIAM P. BRIGGS *v.* ROLLA GLEASON.

*Use of property attached.    Trespasser ab initio.    Replevin.*

If the bailee of an officer uses the property which the officer has attached and put into the bailee's possession to keep, it will be regarded as the act of the officer, though it be without his knowledge, and will render him a trespasser *ab initio*.

In such a case the officer is liable for the value of the property in trespass or trover, unless it has been applied towards the payment of the debt, in which case such an application will be considered in mitigation of damages; and, before such an application, the property may be taken and held by a writ of replevin.

REPLEVIN for a light gray mare.  Plea the general issue, with notice that the defendant, as a deputy sheriff, had attached the mare upon a writ against the plaintiff, by virtue of which attachment he held the property at the time of the bringing of the present action.  Trial by the court, November Term, 1854,—PECK, J., presiding.

The defendant having shown that he, as a deputy sheriff, attached the mare in question upon a writ against the plaintiff, as stated in his notice, the plaintiff testified that the defendant, after taking the mare from the plaintiff, put her into the hands of one Freeman, a neighboring farmer, who worked her cruelly; that he, the plaintiff, remonstrated with the defendant, and told him she would be ruined under such treatment; that she was a favorite and a very valuable animal, but that all this made no difference; that Freeman kept on working her until she was taken from him by this writ of replevin.  This evidence was not contradicted, and upon it the plaintiff insisted that suffering the animal to be thus worked made the officer a trespasser from the beginning, and that in such a case where trespass or trover would lie, this action could be sustained.

The court decided that although the defendant was guilty of trespass *ab initio*, he was not subject to this action of replevin, and rendered judgment in his favor, to which decision and judgment the plaintiff excepted.

*W. P. Briggs, pro se.*

*J. Maeck,* for the defendant.

Although an attaching officer may, by a subsequent abuse of the property, render himself responsible even to an action of trespass, yet such subsequent abuse will not authorize the debtor to take the property out of the officer's possession or maintain the action of replevin.  Trespass or case are the only remedies for the debtor, and either will afford him a full remedy.  *Lamb* v. *Day & Peck,* 8 Vt. 407; *Blake* v. *Johnson,* 1 N. H. 91; *Prescott* v. *Wright,* 6 Mass. 20; 1 Smith Leading Cases 62, and cases there cited.

The opinion of the court was delivered by

REDFIELD, CH. J.   I. The first inquiry is, whether the use

of the property, under the circumstances, made the officer a trespasser *ab initio*. If the use had been by the defendant himself, or by his express consent, or with his knowledge, and he made no effort to hinder it, it has been held by this court, *Lamb* v. *Day et al.*, 8 Vt. 407, that he thereby became a trespasser *ab initio*. The only difference between that case and this is, that here the use was by the bailee of the defendant, and it does not appear whether with the defendant's knowledge or not. But we think this use must be regarded as the act of the defendant. The bailment is not official in any such sense as to excuse the defendant for the acts of the bailee. If the bailee destroy the property it is well settled in practice and by the decisions of the courts that the officer is liable. And we do not see why the same rule does not apply to any abuse of the property. Indeed it has been held, that if the bailee of property, under such circumstances, suffer the property to go back into the hands of the debtor, the officers' lien is lost, thus making the act of such bailee that of the officer; *Morris* v. *Hyde*, 8 Vt. 353. We do not intend to decide that every use of property attached for the shortest time, and which may be through inadvertance, or only for the health of the animal, will make the officer a trespasser. But any such use as is calculated to lessen the value and expose the life and health of the animal, and which is done understandingly and perseveringly, as in the present case was offered to be proved, and in the case of *Lamb* v. *Day*, must be regarded as an intentional misuse of the process, and is such an abuse as shows fairly enough that the process is perverted to the accomplishment of other purposes than the legitimate one which the process was intended to justify. To hold that the process is any protection in such case, is an evasion and abuse of the law. The whole proceeding under the process is justly regarded as mere finesse, and the shield of its protection is wholly withdrawn and the officer stands a naked trespasser from the beginning, the same precisely as if he had never had any process.

II. The officer being thus made a trespasser from the beginning is liable in trespass or trover. It is true that, if he has subsequently applied the property in payment of the debt, this will go in mitigation of damages. But if he did not so apply it before the final judgment against him, there would be no safety in

deducting the amount of the debt, for it might never be applied. The officer in such case is liable to the creditor for the value of the property, as he is in this case, and if compelled to refund to the whole amount of the debt, he will be subrogated to the right of the creditor, and may enforce the execution against the debtor. But where he has sold the property and applied the avails in payment of the debt, if it were not applied in reduction of the damages he would be remediless, and the debtor would have the benefit of the payment without any equivalent.

But nothing of that kind is liable to occur until the debt is extinguished by payment, through the actual application of the property. But it is said to allow this action of replevin to be maintained is to deprive the officer altogether of his lien, and that is true. There does not seem to be any special hardship in that, even under the circumstances. The use of the property in the way of labor is as much or as really an abuse of the process as to destroy it or to sell it without authority. And as it is not a mere mistake or accident, but an intentional abuse, and one which in equity ought to render the officer a trespasser *ab initio*, we do not see what occasion he has for complaint. For it shows clearly that the officer took the property for a different purpose from that of the law. This is so upon the view that he puts the property to his own private use. And what his bailee does is the same as if he did it himself.

It is admitted, and the cases all show that replevin is the usual remedy where one becomes a trespasser *ab initio* for not proceeding regularly with a distress. And under our statute as at present existing it would seem that replevin will lie wherever trespass or trover will lie. And none of the cases read seem to conflict with this view. The case in the 7 N. H. is where the plaintiff did not except to the rule of damages. The only question discussed in the court of error was whether the officer was a trespasser *ab initio*. The court were divided, and Judge GREEN, who was of opinion that the officer was not liable in trespass, said if he was liable in that form of action, he was liable for the value of the property, which was sound I think. But the court had no occasion to decide the question, *Dame* v. *Fales*, 3 N. H. 70.

The case of *Harvey* v. *Pocock*, 11 M. and W. 740, is where the

landlord distrained looms in use when there was other sufficient distress, some of which he also distrained. The tenant paid the rent, and then brought trespass, claiming to recover back all he had paid. The court held the landlord a trespasser as to the looms in use, which under the circumstances were not liable, but as other property which was distrainable was also taken upon which the landlord had a legal right of distress, they said he was not made a trespasser as to the whole property, and that therefore the money was not paid to relieve the illegal distress, and could not be recovered back, and required the plaintiff, who had obtained a verdict at the circuit for the whole amount, to remit all but nominal damages, the property not having been removed from the premises.

Judgment reversed and case remanded.