Wilder *v.* Stafford et al.

---

ALSON L. WILDER *v.* SAMUEL STAFFORD AND CLARK BELLOWS.

### *Pleading. Attachment.*

All objections which are strictly of the nature of a dilatory plea, whether offered in the form of a plea or by a motion to dismiss, must be made at the earliest opportunity, or they will be out of time.

If the party making such a motion desires to maintain it out of the ordinary time for such pleas, upon the ground of the rules of the court where it is made, or the suspension of those rules, there should be something on the record to show that fact; otherwise the supreme court will not, upon exceptions, make any such presumption.

If a chattel be sold with a condition that it shall not become the property of the vendee unless paid for within a specified time, and the vendee take possession of it, the purchaser of the interests of both the vendor and vendee in the property will hold it free from an attachment made by a creditor of the conditional vendee, after he has sold his interest, notwithstanding the purchaser may have allowed the property to remain in the conditional vendee's possession under a new contract of bailment with him.

REPLEVIN for a cow. The defendants, after the suit had been in court three terms, moved to dismiss the action because the writ did not require the officer, who served the same, to take, and the officer did not take a bond with more than one surety, and because the bond was not conditioned for the return of the cow. The court overruled this motion to dismiss, to which the defendants excepted.

It appeared on trial that the cow in question was sold conditionally, to one Wheeler, by one Cushman, in the fall of 1855, for twenty-five dollars, at which time Wheeler paid Cushman ten dol-

lars, with an agreement that the cow was not to become Wheeler's property, unless the balance of the purchase money, fifteen dollars, was paid within a specified time; that afterwards, Wheeler finding that he could not pay the fifteen dollars when it would become due, sold his interest in the cow to the plaintiff, for which the plaintiff paid him ten dollars; that the plaintiff sent fifteen dollars by Wheeler to Cushman to pay the balance due the latter for the cow, before it became due under the contract between Wheeler and Cushman; that after this payment was made it was agreed between Wheeler and the plaintiff that the former should winter the cow through the winter of 1855-6 for the plaintiff, for her milk, and while at Wheeler's, under that arrangement, she was attached by direction of the defendants, on the 14th of March, 1856, upon a writ in their favor against Wheeler. The plaintiff brought this action on the 18th of March, 1856.

Upon these facts, the county court,—UNDERWOOD, J.,—presiding,—directed a verdict for the plaintiff for one cent damages and costs. Exceptions by the defendants.

*W. H. Follett,* for the defendants.

*C. N. Davenport* and *Flagg & Crosby,* for the plaintiff.

The opinion of the court was delivered by

REDFIELD, Ch. J. The objections to the writ and bond, being strictly of the nature of a dilatory plea, whether in the form of a plea, or by motion to dismiss, must be made at the earliest opportunity, or they are out of time. *Wheelock* v. *Sears,* 19 Vt. 559.

If the party making such a motion desires to maintain it out of the ordinary time for such pleas, upon the ground of the rules of the court where made, or the suspension of these rules, there should be something in the record to show that fact. We can not, upon exceptions, and especially against the judgment of the court below, make any such presumption.

II. If it clearly appeared that the plaintiff had parted with his right of possession of the cow for a definite term, he could not maintain replevin, at common law, during the term.

But we are not prepared to give a contract " to winter a cow for

the milk" such a construction. It is consistent enough with such a contract, that it should terminate at the election of either party. In popular language it may import nothing more than keeping the cow in the winter time for the milk, and thus be wholly indefinite as to its continuance. As this exception is merely technical it should not prevail, unless clearly proved.

It is perfectly consistent with the terms of the statute, Comp. Stat. chap. 33 sec. 14, that in case of the bailment of goods for a definite term, where such goods are attached by an officer upon the debt of some third party, that either the bailor or bailee may replevy the goods from the custody of the officer. We see no good reason why the statute may not, with perfect propriety receive such construction. It is competent for the bailor or bailee, at their election often, to maintain an action for injuries to personal property. It rather seems necessary in the case supposed, that both bailor and bailee should have the right to replevy.

III. We think, upon the facts in this case, Wheeler had no attachable interest in the cow. And as the plaintiff rests upon Cushman's title, which is protected without change of possession, it is the same as if Wheeler had released his title to Cushman, in which case it is obvious no change of possession could be required.

Judgment affirmed.