BENNETT, WHITE & CO. *v.* JAMES T. ALLEN.

*Motion to dismiss.　Plea in abatement.　Replevin bond.*

Any defect apparent upon the record, which is good cause for a plea in abatement, may be taken advantage of by a motion to dismiss, if made within the time for filing pleas in abatement.

The right to prosecute an action of replevin, and to take possesion of goods upon a mere claim of title, before trial, is purely a statutory right, and is only to be exercised upon a compliance with the terms of the statute.

Therefore, if in an action to replevy goods alleged to be unlawfully taken or detained, the bond given to the officer for the defendant upon the service of the writ, does not contain a penalty *in a definite sum,* but merely states it as " double the value of the goods to be replevied " in the suit in question, the action will be dismissed upon a motion to dismiss, made at the proper stage of the case.

REPLEVIN.　The action was brought to recover the possession of certain personal property which the plaintiffs claimed belonged to them, and which the defendant, as a deputy sheriff, had attached, and was holding as the property of another person.

The defendant, at the first term after the commencement of the action, moved to dismiss the same, because the plaintiffs, or some one in their behalf, had not executed to the defendant and delivered to the officer serving the writ, a bond according to the requirements of the statute, the bond executed and delivered not being in *sum* equal to double the value of the property replevied, and not having a penalty in any specified sum whatever.

Bennètt et als. *v.* Allen.

The writ directed the officer to replevy the goods in question, and to deliver them to the plaintiffs, and then proceeded in these words : "*provided they give a bond in the penal sum of double the value of said goods and chattels, with sufficient sureties to prosecute their replevin, &c., &c., &c."*

The bond was as follows :

"Know all men by these Presents, that we (the obligors, naming them) are held and firmly bound unto the defendant (naming him) in the penal sum of *double the value of the goods and chattels* to be replevied at the suit of Bennett, White & Co. *v.* James T. Allen, being described as follows (describing the goods), for the payment of which we hereby bind ourselves, &c., &c., provided, &c., &c."

The officer certified in his return on the writ, that the value of the property replevied, as agreed upon by the parties, was twenty-four dollars and twenty-five cents.

The county court, at the May Term, 1857,—PECK, J., presiding, sustained the motion and dismissed the action.

Exceptions by the plaintiffs.

*Thomas Gleed,* for the plaintiffs.

1. The bond is in strict compliance with the statute ; the penalty is in "double the value of the goods to be replevied." There is no other way to comply with the statute, which requires that the bond should be given before the service of the writ, and that after the service, or at least partial service of the writ, the property replevied shall be appraised, for the purpose of ascertaining its value. The bond, then, is to be given before the value of the property is ascertained, and this can not be done if it is necessary to fix the penalty in the bond in dollars and cents, and, at the same time, have that sum double the value of the property as fixed by the appraisers ; 33d chap. Comp. Stat., sections 16 and 3.

2. The bond is a valid instrument, and is in fact a bond for the sum of forty-eight dollars and fifty cents, which is double the value of the property to be replevied. In law, "whatever can be made *certain* is *certain.*" The penalty of this bond can be made certain by reference to the certificate of the value of the property which the officer returned with the writ and bond, according to the requirement of sec. 5, chap. 33 of the Compiled Statutes, and the return

of this certificate by the officer, is for the purpose of fixing the penalty of the bond. In an action upon the bond, an allegation of the *sum* of *money* equal to double the value of the property might be necessary. But there is no difficulty whatever in doing this. It is a sealed obligation, by which the obligor acknowledges himself bound to the obligee in a sum of money equal to double the value of the goods.

*Dillingham & Durant* and *Child & Powers*, for the defendant.

1. The defendant insists that the court below decided correctly in dismissing the suit; 1 Met. 508; 11 Mass. 282; 5 Pick. 222.

Replevin is a creature of the statute; being such, everything should be fully done in compliance with the statute; *Campbell* v. *Morey*, 27 Vt. 575.

The court should dismiss the action on motion.

2. No bond was filed. "A bond is a deed, whereby, &c., a party agrees to pay a certain sum of money to another, &c.; Bouvier 1st, 217, (title bond); Webster's Unabridged Dictionary; 2d Blackstone 340.

This paper was not in compliance with the statute. Sec. 16, chap. 33, Comp. Stat. says the bond shall be as prescribed in sec. 3, and the officer is to ascertain the value as in sec. 4, neither of which has been done.

The opinion of the court was delivered by

BENNETT, J. The grounds of the motion to dismiss the proceedings appear of record, and as the motion was, in this case, filed within the time for pleading in abatement whatever would be good cause of abatement is good cause to dismiss the action on this motion, as the defects appear of record. The question now before us, is not whether a suit could be sustained upon this bond, if there had been no plea in abatement or a motion to dismiss, and a return of the property had been awarded. I confess, however, I should find difficulty in holding that this bond has any vitality. No sum is fixed in the penalty of the bond, and it can not, as it seems to me, be made good by an application of the maxim, " that is certain which can be rendered certain."

The right to prosecute an action of replevin, and to take the pos-

session of goods upon a mere claim of title, before trial, is a statutory right, and is conditional, and is only to be exercised upon the terms of the statute. The statute has expressly declared that before the officer who has the writ shall serve it, he shall take a bond in double the value of the property to be replevied, and it has also pointed out the way in which the officer shall ascertain the value of the property. In *Moors* v. *Parker et al.*, 3 Mass. 310, it was fully held, that to justify the taking of goods under a writ of replevin, it must be averred in the plea that a bond was given *pursuant to the statute*, and that it was not sufficient to recite that a bond had been taken which was returned into court. We can not regard the bond in this case, as given in pursuance of our statute. This must, at all events, be an irregularity in taking the bond, and without deciding the question whether the bond is an *absolute nullity*, we think the judgment of the county court dismissing the action should be affirmed.