Hon. JAMES BARRETT,
Hon. HOYT H. WHEELER, } Assistant Judges.
Hon. TIMOTHY P. REDFIELD,

---

THOMAS BURNS *v.* THE FIRST NATIONAL BANK OF ST. ALBANS.

*Audita Querela. Amendment. Motion to Dismiss.*

Independently of any showing of the day on which an amendment of process is procured, it will be taken to have been on the last day of term.

The plaintiff procured an amendment of his writ on the last day of the second term. Within thirty days thereafter, the defendant filed his motion to dismiss the action for causes arising from the amendment. At the next term thereafter, the court entertained said motion, and dismissed the action. *Held,* that the entertaining of said motion was not error.

AUDITA QUERELA to set aside the judgment of a justice of the peace. The original process was substantially in the statutory form of a writ of *audita querela*, except that the prayer was, that the court reverse and set aside said judgment, " and pro-

ceed to hear, try, and determine said action according to the statute in such case made and provided," and that it was signed, " Thomas Burns by Geo. G. Smith, his Atty." Then followed a notary's certificate of the oath of said attorney, " that the foregoing complaint by him subscribed contains the truth, the whole truth, and nothing but the truth, according to his best knowledge, information, and belief." Next followed a recognizance taken before a judge of the county court, conditioned for the payment of intervening damages and costs, if the complainant should fail to prosecute his complaint to effect, or to recover in said action. Said recognizance was certified, " Allowed and signed by me at St. Albans, this 12th day of January, 1871." Then followed a supersedeas, and a citation to the adverse party to appear and answer. The case was entered at the April term, 1871, and continued, under the rules of court, to the September term, 1871, when the plaintiff, on leave of court, the defendant objecting, amended his process by striking out these concluding words thereof, " and proceed to hear, try, and determine said action according to the statute in such case made and provided." It did not appear on what day of the term said amendment was made. The case was continued to the April term, 1872, and said September term closed December 5th, 1871. On the 2d of January, 1872, the defendant filed a motion to dismiss the case, because said pretended writ was never signed by any person or officer authorized by statute to sign the same ; because no person was recognized for costs of prosecution as required by statute ; because the facts set forth in said writ were not verified by affidavit, as required by statute ; and because said pretended writ was sought to be made such by amendment of a pretended petition for a new trial, so that the identical state of facts in the one case, could be used in the other, when such former case had been fully disposed of by the court. The court, at the April term, 1872, ROYCE, J., presiding, entertained said motion, and dismissed the case ; to which the plaintiff excepted.

*Noble & Smith* and *Bryant Hall*, for the plaintiff.

*E. A. Sowles*, for the defendant.

The opinion of the court was delivered by

BARRETT, J. The original process in this case had such " a questionable shape " when entered in court, that, at the next term, the plaintiff deemed it important to have it amended into an unquestionable writ of *audita querela*. Until that amendment was made, it could not be assumed that the judge who certified, " allowed and signed by me at St. Albans this 12th day of January, 1871," had allowed and signed a writ of *audita querela*. He had allowed and signed the original process—if the mode in which it was done can be treated as the signing of the process by the judge,—as to which we express no opinion. If that is to be treated as a signing of the writ, then, clear it is that no recognizance was taken as required by statute in case of *audita querela*. Taking the record as showing just what was done in the way of verifying the facts set forth in the writ, under § 11, ch. 42, Gen. Stat., no affidavit appears to have been made by any body ; and the certificate of the judge shows that what was sworn to by Mr. Smith, is very wide of what the statute requires to be shown by affidavit. The language of the statute is, " No writ of *audita querela* shall be allowed and signed, without affidavit first made," &c. The oath that is certified, the form of the recognizance that was drawn, the concluding prayer of the original process before amendment, and the appended citation to the party to appear and answer, all concur in indicating that the plaintiff was, in his own apprehension, proceeding for a new trial. If such had proved to be true, the defendant may have been content to litigate the matter on its merits, without having occasion, perhaps not the right, to except to the form or substance of the proceeding. Thus the matter stood, till the next term after the proceeding was entered in court. Of course, the defendant was not bound to take objection to the proceeding—formal, technical, or substantial—as to a writ of *audita querela*, until the plaintiff had procured for it a fixed form and christening. This was not done till he had procured said amendment. The term closed the 5th of December. Independently of any showing of the day on which it was procured, it will be taken to have been on the last day of the term. This would leave the matter without prejudice to the defendant in respect to

the right of availing himself of dilatory matter in defense. As he could not have the four days allowed by the rules, at that term of the court, he would be entitled to his right in that respect, if asserted within time, as soon as the course of the court would give him day in which it could be done. To this intent, the defendant filed his motion within thirty days from the close of the term when the amendment was made, and, of course, that was seasonable under any rule, in order to be in time, with reference to the next term of the court.

As the plaintiff himself took the case out of the range of the rules as to the time for asserting dilatory matter in defense, we think it was the province of the county court to entertain the motion filed in this case, and the doing so cannot be held to be error. It is not claimed that the matter is not effectual in abatement, if seasonably presented. In the view we take, we find it needless to express views more definite, whether the writ can be treated as having been allowed and *signed* by the judge, or only the recognizance, and as to the effect of the failure to make the affidavit as required by the statute.

We find no occasion to question or comment on any of the cases cited in the argument. *Wilder* v. *Stafford et al.* 30 Vt. 399, gives countenance to the disposition we make of this case. The whole thing is so unconformable to the provisions and requirements of the statute, that we think it better to let it rest under judgment of the county court, than to try to galvanize it into an existence hardly desirable to be perpetuated, even to its most interested friends.

Judgment affirmed.