JOSHUA TRIPP ET ALS. *v.* HENRY A. HOWE.

*Replevin.   Waiver by omitting to plead Dilatory Pleas, and by pleading to the Merits.*

The writ in this case, which was replevin for goods attached, did not require the officer to take a bond conditioned for a return of the property, as well as for the prosecution of the replevin to effect and the payment of costs and damages, and the bond returned was signed by the plaintiffs only. *Held,* that these irregularities did not make the proceedings so void that the court had no jurisdiction of the parties and of the subject-matter of the suit, and that the defendant waived them by omitting to take advantage thereof within the time limited for filing dilatory pleas, and, also, by pleading to the merits.

REPLEVIN for goods attached by the defendant on *mesne* process. The writ was returnable at the May term, 1870, and the replevin bond was returned at the same term. The writ commanded the officer to replevy the goods, "provided  *  *  * shall give a bond in the penal sum of nine hundred dollars, with sufficient surety, to prosecute their replevin to the next stated session of the county court to be held at Woodstock, within and for said county of Windsor, and so from court to court, until the cause be ended, and to pay such costs and damages as the said Howe shall recover." The bond returned was in the penal sum of $837.42, and signed by the plaintiffs only. The officer returned the value of the goods replevied, as agreed upon by the parties, at the sum of $418.71. At the December term, 1872, the defendant filed a motion to dismiss for the following reasons:

"1st. Because the writ in this case is not such as the law prescribes. 2d. Because the bond taken in this case and filed with the clerk, is not conformable to the directions in the writ, and is therefore void. 3d. Because the said bond is not such as is prescribed by law, and is therefore insufficient and void."

The court, BARRETT, J., presiding, overruled said motion, *pro forma ;* to which the defendant excepted. The general issue was joined on the plea of not guilty. Trial by jury, December term, 1872, and verdict for the plaintiff.

*G. L. Fletcher*, for the defendant.

The writ does not require the officer to take a bond in accordance with the requirements of the Gen. Stat. ch. 35, §§ 13, 14, 15. The bond is not in conformity to the directions in the writ as to the sum, nor as to the sureties. The bond is void because there are no sureties as required by statute. Gen. Stat. ch. 35, § 15 ; *Campbell* v. *Morey*, 27 Vt. 575 ; *Bent* v. *Bent*, 43 Vt. 42. The plaintiff in replevin is only entitled to his writ by complying with the requirements of the statute, and when he fails in any one of the essential requirements, the same will, on motion, be dismissed. *Sprague et al.* v. *Clark*, 41 Vt. 6 ; *Glover* v. *Chase*, 27 Vt. 533.

*J. F. Dean*, for the plaintiff.

If the defendant desired to avail himself of a motion to dismiss, he should have filed it within the time limited for filing pleas in abatement. The defendant, by pleading to the merits, waived all technical defects, especially if they were not material. 1 Chit. Pl. 358 ; *White* v. *Allen*, 30 Vt. 684 ; *Simonds* v. *Parker*, 1 Met. 508. The bond was taken under the statute, and, in all the material parts, is right. The defendant errs in supposing the writ to be improper. *Campbell* v. *Morey*, 27 Vt. 575 ; *Bent* v. *Bent*, 43 Vt. 42.

The opinion of the court was delivered by

WHEELER, J. Perhaps, upon seasonable objection, the writ in this case would have been adjudged bad because it did not require the officer to take a bond for a return of the property, as well as for the prosecution of the replevin to effect and the payment of costs and damages, and the bond have been held insufficient for want of surety. But these irregularities did not make the proceedings so void that the court did not have jurisdiction of the parties and of the subject-matter of the suit, and were such that the defendant could waive them. By omitting to take advantage of them by motion or plea within the time limited by the rules of court for filing dilatory pleas, and, also, by pleading to the merits of the action, the defendant did waive them, and

was not entitled, of right, to take advantage of them afterward. The want of a surety to the bond may have been quite a material defect, and probably the court would have had power to permit the defendant to move to dismiss on account of that defect, out of the ordinary time, if the plaintiff would not make it good by filing a new bond; but no move in that direction appears to have been made, and upon the motion that was made, at the time it was made, the decision was correct.

.Judgment affirmed.