SAMUEL SHAPIRO *v.* H. G. REED.

May Term, 1924.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed October 7, 1924.

*Replevin—Waiver of Certain Irregularities in Process by Failing to Take Advantage Thereof within Time for Filing Dilatory Pleas—Time for Motions to Dismiss for Want of Proper Bond—Harmless Error—Officer's Return on Writ of Replevin Cannot Be Impeached Collaterally.*

1. While the action of replevin is purely statutory in this State, certain irregularities in the process may be waived, and are waived unless taken advantage of within the time limited by the rules of the court for filing dilatory pleas.

2. In action of replevin commenced under G. L. 2099, where motion to dismiss writ because of non-compliance with requirements of G. L. 2108 and 2109, and as not in accordance with form prescribed by G. L. 7472, Form 12, was not filed for nearly three months after expiration of time allowed for filing pleas of dilatory nature, right to take advantage of the irregularity was waived.

3. Where defendant's dilatory motion to dismiss for want of proper bond was not made until long after expiration of time allowed for filing dilatory pleas, and after defendant had gone to trial on the merits, and plaintiff's evidence had been submitted, the granting of the motion was error.

4. Where defendant's dilatory motion to dismiss suit for want of

proper bond was erroneously granted, denial of defendant's subsequent motion that court order property replevied to be returned to him was harmless.

5. In action of replevin, officer's return that the certified value of property replevied was ascertained by agreement of the parties, as between the parties to the suit and their privies imports absolute verity and cannot be contradicted, except in a direct proceeding to vacate or annul it, hence it was error to permit introduction of testimony tending to show that there was no such agreement.

ACTION OF REPLEVIN brought under G. L. 2099. Heard on defendant's motion to dismiss at the September Term, 1922, Windham County, *Fish*, J., presiding. Defendant's motion to dismiss writ because of non-compliance with G. L. 2108 and 2109, and as not in accordance with form prescribed by G. L. 7472, Form 12, overruled. The defendant excepted. Defendant's motion to dismiss action for want of proper bond was granted. The plaintiff excepted. Plaintiff also filed petition for a new trial. The opinion states the case. *Reversed and remanded. Petition for new trial dismissed.*

*Holden & Healy* for the plaintiff.

*Chase & Chase* for the defendant.

SLACK, J. The action is replevin brought under the provisions of G. L. 2099, and comes here on exceptions by both parties. We first consider those relied upon by the defendant.

The writ is dated April 20, 1922, and is returnable to the Windham county court. On the first day of the September Term, 1922, of that court, and before trial, the defendant filed a motion to dismiss the writ and for judgment that the property replevied be returned, on the ground that the court did not have jurisdiction of the process, because the writ did not comply with the requirements of the provisions of G. L. 2108 and 2109, and was not in accordance with the form prescribed by statute. G. L. 7472, Form 12. The motion was denied and the defendant had an exception. This exception presents the first question for review.

G. L. 2108 provides that, in actions of replevin commenced

under the provisions of G. L. 2099, the writ shall be issued by a justice of the peace or by a municipal or city court; and if it appears from the certificate of the officer in his return that the value of the property replevied does not exceed twenty dollars, such writ shall be returned to the court that issued it; but if the value of the property so certified in such a writ issued by a justice exceeds twenty dollars, such writ shall be returned to a municipal or city court, provided there is such a court within the county, otherwise to the county court; but if the value of the property so certified in such a writ issued by a justice or by a municipal or city court, exceeds one hundred dollars, such writ shall be returned to the county court. These provisions merely fix the jurisdiction of the several courts so far as it depends upon the value of the property replevied. G. L. 2109 provides that a writ of replevin issued under G. L. 2099 shall state the time when the defendant may be required to appear before the court that issued it, and also the time he may be required to appear before the municipal or city court, and also the time within which he may be required to appear before the county court, and that he shall appear before the court to which the writ is returnable as provided by section 2108. The form of writ prescribed by statute (G. L. 7472, Form 12) commands the officer to make return of the writ to, and summon the defendant to appear before, such court as shall be determined by the value of the property replevied as shown by his certificate, as follows: (1) If the value of the property exceeds one hundred dollars, or if the value of the property exceeds twenty dollars and there is not a municipal or city court within the county, the county court. (2) If the value of the property exceeds twenty dollars and does not exceed one hundred dollars, the municipal or city court, provided there is such a court within the county. (3) If the value of the property does not exceed twenty dollars, the justice or the municipal or city court that issued the writ. Then and there to answer, etc.

The writ in the instant case commands that the defendant be summoned to appear before the county court next to be held at Newfane, within and for the county of Windham, and that he be notified to cause his appearance to be entered with the clerk of that court on or before the expiration of forty-two days from its date, but does not contain the directions that ap-

pear in subdivisions 2 and 3 of the statutory form.   This omission is the basis for defendant's motion.

[1, 2]   If it be granted that such omission is a defect in the pleadings, still, the motion was properly denied.   While the action of replevin is purely statutory in this State (*Prescott* v. *Starkey*, 71 Vt. 118, 41 Atl. 1021; *Bennett, White & Co.* v. *Allen*, 30 Vt. 684), certain irregularities in the process may be waived, and are waived unless taken advantage of within the time limited by the rules of court for filing dilatory pleas. *Wilder* v. *Stafford*, 30 Vt. 399; *Tripp* v. *Howe*, 45 Vt. 523. Such is the irregularity complained of, and, since the motion was not filed for nearly three months after the expiration of the time allowed for filing pleas of dilatory nature, the right to take advantage of the irregularity was waived.

[3, 4]   It appears from the defendant's exceptions that the plaintiff produced a paper at the trial which purported to be a bond running from the plaintiff to the defendant and one Whitman, jointly, and that the clerk then indorsed thereon "received for filing," but did not file it either in this suit or a suit of like nature then pending in the same court against the said Whitman.   Defendant's exception shows nothing further concerning this paper, or that the bond required by statute was not filed.   This being the situation, the defendant filed a motion at the close of plaintiff's evidence to dismiss the suit for want of a proper bond which motion was granted, subject to plaintiff's exception.   Thereupon, the defendant moved the court to order and adjudge that the property replevied be returned to him.   This motion was denied and the defendant had an exception.   The merits of this exception need not be considered since the ruling, if erroneous, was harmless in view of the disposition made of plaintiff's exception to the dismissal of the suit.   That disposes of defendant's exceptions.

The plaintiff's exception to the granting of defendant's motion to dismiss the suit must be sustained.   The question presented by the motion was purely dilatory (*Tripp* v. *Howe, supra; Wilder* v. *Stafford, supra*), was not raised until long after the expiration of the time allowed for filing dilatory pleas and after the defendant had gone to trial on the merits and the plaintiff's evidence had been submitted.   To entertain a motion of this nature at that stage of the proceedings was error.   Nor is it any answer to say that the defendant moved as soon as he

learned the true situation. If no bond, or an insufficient one, was filed, he should have discovered that fact and have taken timely measures to avail himself of the irregularity. This motion having been erroneously granted, failure to order a return of the property could not have harmed the defendant.

[5] The officer's return shows that the certified value of the property replevied was ascertained by agreement of the parties. The defendant was permitted, subject to plaintiff's exception, to introduce evidence tending to show that there was no such agreement. This was error. The officer's return, as between the parties to this suit and their privies, imports absolute verity and cannot be contradicted, except in a direct proceeding to vacate or annul it. *McKinstry* v. *Collins and Love,* 76 Vt. 221, 232, 56 Atl. 985; *Yatter* v. *Pitkin and Miller,* 72 Vt. 255, 47 Atl. 787.

The plaintiff has brought a petition for a new trial the substance of which, briefly stated, is that since the main case was entered in this Court the clerk of Windham county court found, among the papers in his office, the bond which was returned to, and filed by him at the time the writ was returned and docketed, which bond is in proper form and complies with the requirements of the statute.

Since the petitioner's rights are fully protected by a retrial, which necessarily follows the disposition of his exceptions, it can serve no good purpose to pursue these proceedings further.

*Judgment reversed and cause remanded. Petition dismissed without costs to either party.*