## OLIN D. MURPHY *v.* HORACE H. PUNT.

May Term, 1935.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed October 1, 1935.

422

*S. H. Crosby* for the plaintiff.

*Roland E. Stevens* for the defendant.

SLACK, J. This is an action of replevin brought under P. L. 1910 to the Hartford municipal court. The writ, officer's return thereon, and bond are in regular form. The writ was entered in court September 20, 1934; defendant entered a general appearance September 25, the last day he could appear under city and municipal court rule III, without consent of plaintiff or leave of the court, and the case was continued from time to time to October 26.

The officer's return shows that the bond was returned to the court with the writ, and includes a certificate that the value of the property replevied as ascertained by three disinterested persons appointed and sworn by the officer (the parties not agreeing to the value thereof) is $80. In fact, the bond, though seasonably taken by the officer, was not returned by him to the court until October 26, and then bore the following statement signed by him: "The penalty of the above bond was fixed by

me at double the value of the horse taken under the writ of replevin, as fixed by the defendant, Horace H. Punt, who stated to me that said horse was worth forty dollars.'' Upon the bond being returned to the court, to wit, October 26, defendant by special order of court (see rule above referred to) was permitted to, and did, file a motion to dismiss the suit on the grounds: (1) That the value of the property was not agreed to by the parties; (2) that the value of the property was not ascertained by three disinterested persons appointed and sworn by the officer; and (3) that the officer did not return to the court, with the writ, a bond executed by the plaintiff, etc., as the law requires. The plaintiff thereupon moved, orally, and later reduced his motion to writing, that the officer be permitted to amend his return according to the facts. The court denied plaintiff's motion and granted defendant's, to both of which rulings plaintiff excepted.

Rule III of the City and Municipal Court Rules provides that the defendant shall plead, answer, or demur within five days after the time for entering appearance expires, and that no pleading shall be filed out of time without the written consent of the adverse party or special order of court. The defendant says that this rule does not apply to motions of this character, but a motion to dismiss must be regarded in the nature of a plea in abatement, *Pollard* v. *Wilder*, 17 Vt. 48; *Wilder* v. *Stafford et al.*, 30 Vt. 399, and therefore it comes within both the letter and spirit of the rule.

This motion, as we have seen, was not filed for nearly a month after the time required by the rule. It appears from the ''Ruling by the court'' which the court reduced to writing and filed in the case that it held and ruled as a matter of discretion that the motion was ''seasonably filed, *i.e.*, as soon as it became apparent to the defendant that no bond had been returned to this court with the writ.'' By this the court manifestly meant, as the subsequent granting of the motion shows, not only that the motion might be filed out of time, but that defendant was to have the same benefit thereunder to which he would have been entitled if it had been seasonably filed. This was error. The failure to return the bond with the writ was a shortage that might be, and was, waived by failure to take timely advantage of it. *Elwell* v. *Olin et al.*, 99 Vt. 460, 134 Atl. 592; *Shapiro* v. *Reed*, 98 Vt. 76, 126 Atl. 496, 497; *Tripp et al.* v. *Howe*, 45 Vt. 523; *Wilder* v. *Stafford et al.*, *supra*; *Wade* v. *Wade's Admr.*

*et al.*, 81 Vt. 275, 69 Atl. 826; *Mack* v. *Lewis,* 67 Vt. 383, 31 Atl. 888. It is said in *Wade* v. *Wade's Admr.:* ''It was within the discretion of the court to entertain the motion to dismiss, although filed out of time; for the limitation of the time of filing was but a provision of its rules. But the motion was nevertheless to be overruled on hearing, if not made in season to satisfy the requirements of pleading. A dilatory objection must be raised at the earliest opportunity, and this cannot be later than the time allowed for dilatory pleadings by the rule of court, in cases governed by the rule.'' It is said further, 81 Vt. 275, at page 280, 69 Atl. 826, 827: ''A plaintiff is entitled as of right to the overruling of a motion to dismiss unseasonably filed for any defect that can be waived; and this is on the ground that the defendant's failure to raise the objection at the earliest opportunity is a waiver of the defect.'' See, also, *Mack* v. *Lewis, supra; Dow* v. *School District,* 46 Vt. 108; *Wheelock* v. *Sears,* 19 Vt. 559; *Pollard* v. *Wilder,* 17 Vt. 48. In *Shapiro* v. *Reed,* which is to the same effect, it is said: ''Nor is it any answer to say that the defendant moved as soon as he learned . the true situation. If no bond, or an insufficient one, was filed, he should have discovered that fact and have taken timely measures to avail himself of the irregularity.'' In the circumstances, the motion to dismiss should have been denied.

It appears from the ruling by the court already referred to that the court denied plaintiff's motion for leave to the officer to amend his return as matter of law and not of discretion. After referring to the statement by the officer on the bond, the court states the nature and object of the bond required in this class of cases, P. L. 1921, and the method of ascertaining the value of the property replevied for the purpose of fixing the amount of the bond, P. L. 1922, and then says ''It is apparent that if the amendment suggested by plaintiff,'' which we understand was in substance the officer's statement on the bond, ''were to be made on the officer's return, it would not then show a compliance with the statute.'' In other words, the court held that the officer's statement of what occurred did not show an agreement of the parties as to the value of the property, within the meaning of P. L. 1922. When the proposed amendment is read in connection with the bond, as it should be, we think it did. The defendant fixed the value of the property at $40, and so informed the officer. The plaintiff in effect assented to, and accepted, the defendant's valuation by executing a bond for $80,

or double the value of the property, as the statute required. This, to all intents and purposes, was a compliance with the statute.

While the officer's return shows that the ascertained value of the property was $80, it is so obvious from an examination of the desired amendment and an inspection of the bond, which may be had for this purpose, *Bent* v. *Bent*, 43 Vt. 42, 45, and *Miller* v. *Cushman*, 38 Vt. 593, 598, that this was a mistake, in that it states the amount for which the bond was taken instead of the agreed value of the property, that no one could have been misled or harmed thereby. As was said by *Steele*, J., in *Miller* v. *Cushman, supra:* ''It may further be noticed that much of the artificial reasoning and literal following of the statute which have been thought applicable to a final levy of execution upon real estate by which titles are passed, cannot without great inconvenience and wrong be allowed to govern the sufficiency of a return upon a writ of replevin or upon *mesne* process.''

The motion should have been allowed, *Bent* v. *Bent, supra,* 43 Vt. 42, at page 47. Since it was denied as matter of law, the question is reviewable by this Court. Both exceptions are sustained.

*Judgment reversed, and cause remanded.*